Filed 3/14/08          NO. 4-07-0113

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,   )   Appeal from
          Plaintiff-Appellee,          )   Circuit Court of
          v.                           )   Woodford County
NEIL S. PRATHER,                       )   No. 05CF78
          Defendant-Appellant.         )
                                       )   Honorable
                                       )   Charles M. Feeney,
                                       )   Judge Presiding.
_____

JUSTICE COOK, delivered the opinion of the court:

Defendant, Neil S. Prather, pleaded guilty to aggravated driving while license revoked (DWLR) (625 ILCS 5/6-303(d-3) (West 2006)), obstructing justice (720 ILCS 5/31-4(a) (West 2006)), and driving under the influence (DUI) (625 ILCS 5/11-501 (West 2006)).  Defendant was sentenced to 5 years in prison for the aggravated DWLR, a consecutive sentence of 4 years in prison for obstruction of justice, and a concurrent sentence of 364 days for the DUI.  Defendant appeals.  We affirm in part, reverse in part, and remand with directions for proceedings consistent with this opinion.

I. BACKGROUND

On July 12, 2005, at defendant's arraignment, the trial court informed defendant of the following regarding the charge of obstructing justice:

"This is a Class 4 felony.  It's punishable
by up to three years in prison and a $25,000
fine.  If you have been convicted of the

same or greater class of offense within the last ten years, excluding any time you have spent in incarceration for that offense, then you could be sentenced up to six years in the Department of Corrections [DOC] and a $25,000 fine."

On August 2, 2005, the trial court informed defendant of the following regarding the offense of aggravated DWLR:

"This is a Class 4 felony. That is punishable up to three years in prison and a $25,000 fine. If you have been convicted of the same or a greater class of offense within the last ten years, excluding any time you have spent in incarceration for that offense, then you could be sentenced up to six years in the [DOC] and a $25,000 fine. If other offenses are pending against you, you could be required to serve a consecutive sentence, which means one sentence will be served before the next one starts. If you are sentenced to [DOC], you would be required to serve a period of one year of mandatory supervised release [(MSR)] following your discharge [from] the DOC."

On December 13, 2005, defendant entered a partially negotiated guilty plea. At the hearing, the trial court again stated the possibility of an extended-term sentence if defendant

had "been convicted of the same or a greater class of offense within the last [10] years, excluding any time you have spent in incarceration for that offense," the possibility of consecutive sentences, and the requirement of MSR. Defendant acknowledged he understood his right to make the State prove him guilty beyond a reasonable doubt, his right to a trial, and his right to confront witnesses, cross-examine witnesses, and testify or remain silent. The State gave a factual basis for the plea, and the trial court accepted the guilty plea.

On February 28, 2006, the trial court held a sentencing hearing. After noting defendant had "11 prior DUIs or similar offenses with three pending" and defendant had been sentenced to the DOC four separate times, the court stated that the likelihood was high that defendant would at some point in time get behind the wheel and drive an automobile while intoxicated. The court stated extended-term sentences were appropriate and then determined consecutive sentences were warranted "given the character [of the offense]" and given defendant's history. In the court's opinion, consecutive sentences were required to protect the public from defendant's criminal conduct "specifically [his] propensity to drive, to drive without insurance, and to drive while under the influence." The court sentenced defendant as stated.

On March 30, 2006, defendant, through his attorney, filed a motion to reconsider sentence objecting to the imposition of the consecutive sentence and requesting specific findings for

the basis of the sentence.  In April 2006, defendant filed a pro se motion alleging ineffective assistance of counsel.  On May 30, 2006, defendant filed another pro se motion alleging (1) consecutive sentences were erroneous; (2) the trial court imposed a double-enhanced sentence; (3) the court failed to admonish defendant as to the possibility of a consecutive sentence; (4) the court lacked sufficient evidence for the obstruction-of-justice charge; (5) the court failed to consider mitigating factors; (6) the judge made biased and impartial statements during the sentencing hearing; (7) his counsel was ineffective; and (8) the court abused its discretion in imposing fines.

On June 13, 2006, defendant's private counsel withdrew his representation and defendant was appointed a public defender to represent him.

On September 7, 2006, defendant filed another pro se motion alleging the consecutive extended-term sentence violated the proportionate-penalties clause, his sentence was subject to improper double enhancement, improper imposition of an extended-term sentence, failure to present a certified copy of his driving abstract into evidence, insufficient evidence to convict of obstructing justice, improper police interrogation, and ineffective assistance of counsel regarding counsel's failure to defend him and his asking for an inappropriate sentence.

On November 21, 2006, a new public defender was appointed to represent defendant.  On January 23, 2007, the trial court denied all of the postplea motions.  On January 24, 2007,

counsel filed a Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)) certificate that stated the following:

> "That under Supreme Court Rule 604(d) this attorney [1] has consulted with the [d]efendant to ascertain the [d]efendant's [2] contentions of error and sentence and further has examined the transcript of both the plea hearing[,] which took place on December 13, 2005[,] and the sentencing hearing[,] which took place on February 28, 2006[,] [3] in the trial court file and the report of proceedings of the plea of guilty and has made any amendments to the motion necessary for adequate presentation of any defect in those proceedings."   (Emphases added.)

This appeal followed.

## II. ANALYSIS

Defendant appeals, arguing he is entitled to a new hearing on his motion to reconsider sentence because defense counsel's certificate failed to strictly comply with Rule 604(d). Defendant also argues his sentences are void because the extended-term statute violates due process.

### A. Rule 604(d) Certificate

Rule 604(d) provides the following:

> "The defendant's attorney shall file with the trial court a certificate stating that the

attorney [1] has consulted with the defendant either by mail or in person to ascertain defendant's [2] contentions of error in the sentence or the entry of the plea of guilty, [3] has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."  (Emphases added.)  188 Ill. 2d R. 604(d).

This court has stated that a Rule 604(d) certificate must contain each of the following:

"(1) A statement that the attorney has consulted with the defendant, either by mail or in person, to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty.

(2) A statement that the attorney has examined the trial court file.

(3) A statement that the attorney has examined the report of proceedings of the plea of guilty.

(4) A statement that the attorney has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."  People v. Grice, 371 Ill.

App. 3d 813, 817, 867 N.E.2d 1143, 1146-47 (2007).

In this case, defense counsel's certificate was as quoted above.

Defendant argues this certificate fails to comply with Rule 604(d) in three ways. First, it does not state whether counsel's consultation with defendant occurred by mail or in person. Second, it does not state that counsel ascertained defendant's contentions of error in the entry of the guilty plea as it only stated he ascertained defendant's "contentions of error and sentence." Finally, it does not state whether counsel examined the court file, stating only that counsel examined the transcript of the plea hearing and sentencing hearing "in the trial court file."

In determining whether defense counsel complied with Rule 604(d), the standard of review is de novo. Grice, 371 Ill. App. 3d at 815, 867 N.E.2d at 1145. Our supreme court has held that strict compliance with Rule 604(d) is required and a reviewing court must remand in any case where counsel failed to strictly comply. People v. Janes, 158 Ill. 2d 27, 33, 630 N.E.2d 790, 792-93 (1994). This court need not take strict compliance with Rule 604(d) to unreasonable extremes (see People v. Wyatt, 305 Ill. App. 3d 291, 297, 712 N.E.2d 343, 347-48 (1999) (stating that the certificate need not recite word for word the verbiage of the rule)). However, this court cannot simply assume or infer compliance with Rule 604(d) because the strict waiver require-

ments of Rule 604(d) demand that any issue not raised in the motion to reconsider the sentence or the motion to withdraw the plea of guilty is forfeited.  188 Ill. 2d R. 604(d).

In this case, the State argues that the Rule 604(d) certificate satisfied the consultation requirement by stating counsel consulted with defendant and the lack of specification about the mode of contact does not render the certificate insufficient.  Further, the State acknowledges that the certificate does not specifically state that counsel ascertained defendant's contentions of error with respect to the entry of the guilty plea but states the certificate implied such action as the certificate stated counsel ascertained "the [d]efendant's contentions of error and sentence."  The State also argues that this court can infer that defense counsel examined the trial court file as the certificate states that counsel examined the transcripts of the guilty-plea hearing and sentencing hearing and examined "the report of proceedings of the plea of guilty."

While the State argues defense counsel probably did ascertain all of defendant's errors and most likely did look at the trial court file, we do not know with certainty because counsel failed to strictly comply with Rule 604(d).  The statement that counsel ascertained defendant's contention of "error and sentence" may have omitted words intending "error in the guilty plea and sentence" or may have mistyped a word intending "error in sentence."  We cannot be sure therefore whether counsel ascertained defendant's contentions of error in the guilty plea

- 8 -

hearing as well as in the sentence.

More troubling is whether counsel read the trial court file. The certificate acknowledged counsel read the transcripts of the guilty plea and sentencing hearings "in the court file" and the "report of the proceedings of the plea of guilty." The certificate never stated, though, that counsel reviewed the entire court file. Because counsel stated he reviewed transcripts "in the court file" but never states he "reviewed the court file," counsel may not have complied with Rule 604(d). In this case, counsel did not represent defendant until after the guilty-plea hearing, sentencing hearing, and a series of posttrial motions had been submitted. If counsel failed to thoroughly ascertain defendant's contentions or failed to examine the trial court file, he might have missed an error that would then be forfeited. We cannot assume counsel complied with Rule 604(d) and must remand because counsel's certificate did not strictly comply with the requirements in Rule 604(d).

B. Constitutionality of the Extended-Term Statute

Defendant claims the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-1-1 et seq. (West 2006)) contains conflicting provisions regarding the applicable sentence for a Class 4 felony. Specifically, the statute that authorizes extended-term sentences violates due process because it is in direct conflict with the mandatory language of the sentencing provision for Class 4 felonies.

Under section 5-8-1(a)(7) of the Unified Code,

"[e]xcept as otherwise provided in the statute defining the offense, a sentence of imprisonment for a felony shall be a determinate sentence set by the court under this [s]ection, according to the following limitations: *** (7) for a Class 4 felony, the sentence shall be not less than 1 year and not more than 3 years." (Emphasis added.) 730 ILCS 5/5-8-1(a)(7) (West 2004). Defendant claims the mandatory language of this section limits defendant's sentence to three years on both of his Class 4 felony offenses. Defendant, though, was sentenced to five years and four years for his two Class 4 felonies pursuant to section 5-8-2 of the Unified Code, which provides the following:

"(a) A judge shall not sentence an

offender to a term of imprisonment in excess

of the maximum sentence authorized by [s]ection

5-8-1 for the class of the most serious

offense of which the offender was convicted

unless the factors in aggravation set forth

in paragraph (b) of [s]ection 5-5-3.2 or clause

(a)(1)(b) of [s]ection 5-8-1 were found to be

present. If the pre[]trial and trial pro-

ceedings were conducted in compliance with

subsection (c-5) of [s]ection 111-3 of the

Code of Criminal Procedure of 1963, the judge

may sentence an offender to the following:

* * *

(6) for a Class 4 felony, a

- 10 -

term shall be not less than 3 years
and not more than 6 years."  730
ILCS 5/5-8-2(a)(6) (West 2004).

Defendant argues that the extended-term sentencing provision creates an ambiguous sentencing structure because its language is in direct conflict with the Class 4 felony sentencing provision mandating a maximum sentence.  For the following reasons, we disagree.

Section 5-8-1 provides the parameters for felony sentences and section 5-8-2 authorizes the imposition of an extended term when certain aggravating factors exist.  The language of the statutes establish that the two sections are to be read in conjunction with one another not exclusive of one another.  The title of section 5-8-2, "Extended Term," suggests that in this section the legislature was giving the times that the set mandatory term should be "extended."  The extended-term section references the set terms in section 5-8-1 and only allows deviation from section 5-8-1 where certain aggravating factors are present.  In section 5-8-2, the legislature clearly intended that when an offense is accompanied with the enumerated aggravating factors, a more significant punishment should apply.  The sentencing structure is not ambiguous as it is clear that section 5-8-1 applies unless enumerated aggravating factors exist that warrant a greater punishment.  Sections 5-8-1 and 5-8-2 do not conflict and the extended-term provision does not violate due process.

- 11 -

## III. CONCLUSION

For the reasons stated, we affirm defendant's sentence to the extent that the applicable provisions of the Unified Code do not violate due process; we reverse the trial court's judgment regarding Rule 604(d) compliance and remand for (1) the filing of a new postplea motion (if defendant so wishes), (2) a new hearing on defendant's postplea motion, and (3) strict compliance with Rule 604(d) requirements.  As the State has successfully defended a portion of the judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.  People v. Nicholls, 71 Ill. 2d 166, 174, 374 N.E.2d 194, 197 (1978); see also People v. Smith, 133 Ill. App. 3d 613, 620, 479 N.E.2d 328, 333 (1985).

Affirmed in part, reversed in part, and remanded with directions.

STEIGMANN, J., concurs.

TURNER, J., specially concurs in part and dissents in part.

JUSTICE TURNER, specially concurring in part and dissenting in part:

Although I concur with the majority's decision to affirm defendant's sentence based on his due-process argument, I disagree with the order to reverse and remand for compliance with Rule 604(d). Therefore, I respectfully dissent from that portion of the majority's order.

In the case sub judice, defense counsel's certificate sufficiently complied with the requirements of Rule 604(d). Counsel stated he consulted with defendant to ascertain his contentions of error, examined the transcripts in the trial court file of the plea and sentencing hearings and the report of proceedings of the plea of guilty, and made any amendments to the motion necessary for adequate presentation of any defects in those proceedings. While the certificate was inartfully worded, a verbatim recitation is not required. See Wyatt, 305 Ill. App. 3d at 297, 712 N.E.2d at 347-48. The majority's order, however, has the effect of requiring such a verbatim recitation of the rule. I would affirm the trial court's judgment in all other respects.