# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Dryden*, 2012 IL App (2d) 110646

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEPHEN H. DRYDEN, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-11-0646 |
| Filed | November 13, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The certificate filed by defendant's counsel pursuant to Supreme Court Rule 604(d) did not strictly comply with the rule, since the certificate failed to state that counsel ascertained defendant's contentions of error in the sentence; therefore, the judgment was vacated and the cause was remanded for the filing of a valid certificate, a new motion, and a new hearing. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 10-CF-1195; the Hon. Daniel P. Guerin, Judge, presiding. |
| Judgment | Vacated and remanded with directions. |

| Counsel on Appeal | Thomas A. Lilien and Jack Hildebrand, both of State Appellate Defender's Office, of Elgin, for appellant. |
| | |
| | Robert B. Berlin, State's Attorney, of Wheaton (Lisa A. Hoffman, Assistant State's Attorney, and Lawrence M. Bauer and Kristin M. Schwind, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| Panel | JUSTICE McLAREN delivered the judgment of the court, with opinion. Justices Hutchinson and Schostok concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, Stephen H. Dryden, pleaded guilty to aggravated driving under the influence of alcohol (625 ILCS 5/11-501(a)(2), (d) (West 2010)). The trial court sentenced him to 20 years' imprisonment. Defendant subsequently moved to withdraw the plea and to reconsider the sentence. The trial court denied the motion and defendant appeals. He contends that he is entitled to a new hearing on his motion because his attorney's certificate did not comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2006) in that it did not state that the attorney had consulted with defendant to ascertain his contentions of error in the sentence. We vacate and remand.

¶ 2    Defendant pleaded guilty to one count of aggravated DUI in exchange for the State's dismissal of other charges. Following a hearing, the trial court sentenced him to 20 years in prison. He retained new counsel and filed a combined motion to withdraw the guilty plea and to reconsider the sentence. The motion alleged that defendant's plea was involuntary because his attorney at the time "guaranteed" him that he would receive a prison sentence of 8 to 10 years. The motion further contended that the sentence was excessive. Postplea counsel filed a certificate stating that he had "consulted with the defendant IN PERSON to ascertain the Defendant's claim of error in the entry of the PLEA OF GUILTY." Following a hearing, the trial court denied the motion and defendant timely appeals.

¶ 3    Defendant contends that he is entitled to a new hearing on his postplea motion. He contends that his attorney's certificate did not state that counsel consulted with defendant to ascertain his contentions of error regarding the sentence, even though the motion that counsel filed sought reconsideration of the sentence.

¶ 4    Rule 604(d) requires that, when a defendant has moved to withdraw a guilty plea or to reconsider a sentence imposed after a guilty plea, "[t]he defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry

of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2006). It is well established that "[d]efense counsel must strictly comply with Rule 604(d)'s certificate requirement, and, when counsel fails to do so, the case must be remanded to the trial court for proceedings in compliance with the rule." *People v. Love*, 385 Ill. App. 3d 736, 737 (2008). In determining whether defense counsel complied with Rule 604(d), the standard of review is *de novo*. *People v. Prather*, 379 Ill. App. 3d 763, 768 (2008).

¶ 5    Here, counsel did not strictly comply with the rule, as the certificate omitted any reference to defendant's contentions of error in the sentence. In *People v. Dismuke*, 355 Ill. App. 3d 606 (2005), we found the defense attorney's certificate insufficient where it stated that the attorney had consulted with the defendant, but said nothing about the subject matter of the consultation. We further noted that, while it was possible to infer that counsel had consulted with the defendant about his contentions of error, we would not make such an inference in light of the supreme court's requirement of strict compliance with the rule. *Id.* at 611.

¶ 6    Similarly, in *Prather*, 379 Ill. App. 3d 763, counsel's certificate stated that he had consulted with the defendant to ascertain his " 'contentions of error and sentence' [*sic*]." (Emphasis omitted.) *Id.* at 766-67. While the reviewing court agreed with the State that it was possible that the certificate merely omitted some words and that counsel had in fact ascertained the defendant's contentions of error in the guilty plea and the sentence, the court did "not know with certainty because counsel failed to strictly comply with [the] Rule." *Id.* at 768.

¶ 7    Most recently, in *People v. Richard*, 2012 IL App (5th) 100302, the court held that counsel's certification that he had ascertained the defendant's " 'contentions of deprivation of constitutional rights' " (*id.* ¶ 8) did not show that counsel had ascertained the defendant's contentions of error in the sentence and the guilty plea, at least with regard to nonconstitutional errors. *Id.* ¶ 14.

¶ 8    Like in those cases, the certificate here did not explicitly state that counsel ascertained defendant's contentions of error in the sentence, even though the motion included a request to reconsider the sentence. Thus, counsel did not comply with the rule, and we must remand for a new hearing.

¶ 9    The State points out that the rule's consultation requirement is phrased in the disjunctive: counsel must certify that he sought to "ascertain defendant's contentions of error in the sentence *or* the entry of the plea of guilty." (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. July 1, 2006). However, in this context, it is clear that "or" means "and." See *Prather*, 379 Ill. App. 3d at 768. It would be absurd to suggest that where, as here, counsel moves both to withdraw the plea and to reconsider the sentence, counsel may arbitrarily choose to consult with the defendant about only one type of error.

¶ 10    The State further argues that, in *Dismuke* and *Prather*, the certificates failed to show the subject matter of the consultation altogether, whereas the certificate here explicitly stated that counsel consulted with defendant about the withdrawal of the plea. By the State's logic, if

a certificate does not state the subject matter of the consultation at all, remand is required, but if a certificate were to affirmatively state that counsel consulted with the defendant but not about his contentions of error, no remand would be required. We reject this argument.

¶ 11　The State further contends that the "core of the defendant's motion centered around his desire to withdraw his guilty plea." Initially, we note that the rule's purpose is to eliminate the need for guesswork about the "core" of a defendant's contentions. See *Dismuke*, 355 Ill. App. 3d at 611. Thus, we will not simply infer that the lack of a reference in the certificate to sentencing issues was harmless because defendant's primary focus was on withdrawing the plea. In any event, we disagree with the State on the merits of the issue. The motion to withdraw the plea primarily raised a sentencing issue: that defendant's attorney promised he would receive a sentence in the neighborhood of 8 to 10 years.

¶ 12　The judgment of the circuit court of Du Page County is vacated and the cause remanded for "(1) the filing of a [valid] Rule 604(d) certificate; (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, if counsel concludes that a new motion is necessary; and (3) a new motion hearing." *People v. Lindsey*, 239 Ill. 2d 522, 531 (2011).

¶ 13　Vacated and remanded with directions.