NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180272-U

NO. 4-18-0272

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 20, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| JESSE SLICHENMYER, | ) | No. 17CF280 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice Steigmann and Justice Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court granted appointed counsel's motion to withdraw and affirmed the trial court's judgment where no meritorious issues could be raised on appeal.

¶ 2    This case comes to us on a motion from the Office of the State Appellate

Defender (OSAD) to withdraw as appellate counsel, citing *Anders v. California*, 386 U.S. 738

(1967), on the ground no meritorious issue can be raised in this case. We grant OSAD's motion

and affirm the trial court's judgment.

¶ 3                                        I. BACKGROUND

¶ 4    In January 2018, defendant, Jesse Slichenmyer, entered an open plea of guilty to

two counts of unlawful possession of a stolen motor vehicle (625 ILCS 5/4-103(a)(1) (West

2016)) and theft (720 ILCS 5/16-1(a)(1), (4) (West 2016)), all Class 2 felonies.

¶ 5    At the plea hearing, the trial court admonished defendant about the possible penalties. Due to defendant's prior convictions, he was eligible for mandatory Class X sentencing (see 730 ILCS 5/5-4.5-95(b) (West 2016)), with a possible term of imprisonment not less than 6 years and not more than 30 years (730 ILCS 5/5-4.5-25(a) (West 2016)). The parties stipulated, in September 2017, defendant took possession without authority of a blue 1999 Chevrolet Silverado belonging to Steven Fogarty and drove it to Will County. In Will County, defendant took possession without authority of a 2014 Dodge Ram belonging to Dutch Barn Landscaping. Attached to the Dodge Ram was a trailer containing two lawn mowers valued at over $10,000. Defendant drove the truck and trailer to Pontiac, where he attempted to pawn one of the lawn mowers.

¶ 6    The presentence investigation report (PSI) showed defendant had prior adult convictions for theft, residential burglary, possession of a stolen vehicle, and unlawful use of a debit card, as well as a juvenile criminal history. Defendant reported a history of attention deficit hyperactivity disorder (ADHD) and other unidentified mental health issues. He reported having "anxiety, fear, and sadness" in part due to two recent deaths in his family. The PSI also indicated defendant's substance abuse history.

¶ 7    On February 26, 2018, defendant's sentencing hearing commenced. The State offered no evidence in aggravation. In mitigation, defendant's aunt, Gene Roman, testified as to defendant's childhood. Defendant's mother became an alcoholic after the death of defendant's half sibling, and defendant's father introduced defendant to criminal activity. Defendant testified as to his history of substance abuse. Defendant explained he was "doing okay" until two family members passed away and he relapsed. Defendant stated he has been attending church, Alcoholics Anonymous, and Narcotics Anonymous and he would like to receive drug treatment

in prison. Defendant testified he had been previously diagnosed with ADHD but he had not received mental health counseling or medication in a long time.

¶ 8        The State recommended three concurrent terms of 16 years' imprisonment. Defense counsel requested terms of six years due to defendant's substance abuse history, defendant's lack of history of violent crimes, and defendant taking responsibility for his actions. Defendant gave a statement in allocution in which he acknowledged he "made bad choices in life[.]"

¶ 9        The trial court sentenced defendant to concurrent terms of 12 years in prison. The court admonished defendant regarding his right to appeal.

¶ 10        On March 16, 2018, defendant filed a motion to reconsider his sentence, arguing his sentence was "unduly harsh" where the trial court failed to give adequate consideration to defendant's psychological problems and other mitigating factors. The court denied the motion to reconsider, finding it carefully considered all the evidence and the aggravating factors "substantially outweighed" the mitigating factors. Defendant appealed.

¶ 11        OSAD was appointed to represent defendant on appeal. In November 2019, OSAD filed an *Anders* motion and brief seeking to withdraw as counsel. The record shows service of the motion on defendant. This court granted defendant leave until December 27, 2019, to file additional points and authorities. He filed none.

¶ 12                                II. ANALYSIS

¶ 13        On review, appointed counsel raises three potential issues: (1) whether defense counsel's certificate was compliant with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), (2) whether the trial court abused its discretion by denying defendant's motion to reconsider sentence, and (3) whether defendant was properly admonished under Illinois Supreme Court

Rule 605(b) (eff. Oct. 1, 2001). Counsel concludes these issues are without arguable merit, and we agree.

¶ 14                                    A. Rule 604(d) Certification

¶ 15        OSAD asserts defendant's counsel properly filed a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). Rule 604(d) states, in pertinent part, as follows:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

"[S]trict compliance with Rule 604(d) is required and a reviewing court must remand in any case where counsel failed to strictly comply." *People v. Prather*, 379 Ill. App. 3d 763, 768, 887 N.E.2d 44, 47 (2008).

¶ 16        In this case, defense counsel submitted to the court a certificate stating:

> "1. I have consulted with the Defendant in person or by mail to ascertain the Defendant's contentions of error in the sentence imposed and in the entry of the plea of guilty; and
>
> 2. I have examined the trial court file and report of proceedings of the plea of guilty and the sentencing; and

3. I have made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings."

Defense counsel's certificate strictly complied with the requirements of Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). We conclude, as did OSAD, any challenge to the sufficiency of counsel's Rule 604(d) certificate is without merit.

¶ 17                    B. The Denial of Defendant's Motion to Reconsider Sentence

¶ 18            At the hearing on his motion to reconsider sentence, defendant argued the sentence imposed was "unduly harsh" and gave insufficient consideration to defendant's history of psychological problems and other mitigating factors. The trial court denied the motion, finding it carefully considered all of the mitigating and aggravating factors and the aggravating factors "substantially outweighed" the mitigating factors. OSAD asserts there is no arguable merit to defendant's claim the court abused its discretion in denying his motion to reconsider sentence. We agree.

¶ 19            "The legislature sets forth by statute the range of permissible sentences for each class of criminal offense." *People v. Fern*, 189 Ill. 2d 48, 53, 723 N.E.2d 207, 209 (1999). "[A] sentence within statutory limits will not be deemed excessive unless it is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense." (Internal quotation marks omitted.) *People v. Little*, 2011 IL App (4th) 090787, ¶ 22, 957 N.E.2d 102. Such discretion is appropriate as the trial court, "having observed the defendant and the proceedings, is in a far better position to consider such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, and habits than a reviewing court, which must rely on a 'cold' record." *Id.* ¶ 24. Thus, a reviewing court will not overturn a defendant's sentence unless it constitutes an abuse of discretion. *Id.*

¶ 20        Defendant pleaded guilty to two counts of unlawful possession of a stolen motor vehicle (625 ILCS 5/4-103(a)(1) (West 2016)) and one count of theft (720 ILCS 5/16-1(a)(1), (4) (West 2016)), all of which are Class 2 felonies. Due to defendant's criminal history, he was subject to mandatory Class X sentencing for all three charges (730 ILCS 5/5-4.5-95(b) (West 2016)). The Unified Code of Corrections provides for Class X felonies a term of imprisonment not less than 6 years and not more than 30 years. 730 ILCS 5/5-4.5-25(a) (West 2016). Defendant was sentenced to concurrent terms of 12 years' imprisonment on each count. Defendant's sentence falls within the applicable statutory limits.

¶ 21        A sentence that falls within the applicable statutory limits is generally reviewed for an abuse of discretion. *People v. Price*, 2011 IL App (4th) 100311, ¶ 36, 958 N.E.2d 341. This is because a trial court is generally "in a better position than a court of review to determine an appropriate sentence based upon the particular facts and circumstances of each individual case." (Internal quotation marks omitted.) *Id.* "A sentence within statutory limits will not be deemed excessive and an abuse of the court's discretion unless it is 'greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense.' " *People v. Pina*, 2019 IL App (4th) 170614, ¶ 20, 143 N.E.3d 794 (quoting *Fern*, 189 Ill. 2d at 54, 723 N.E.2d at 210).

¶ 22        In reaching its sentencing decision, the trial court stated it was "weighing all of the factors, understanding everything that has been presented to me to the best that I can as well as the other statutory factors ***." The court acknowledged defendant's troubled childhood, but also pointed out there is "certainly an element of accountability ***." The court listed several factors in mitigation, including defendant's actions did not cause or threaten serious physical harm and defendant's struggles with drug addiction. In aggravation, the court noted the need for

deterrence, the seriousness of the offense, and defendant's adult criminal history. Although the court did not specifically mention defendant's psychological issues, the court did state it considered the PSI, where defendant's mental health history was detailed. Further, the trial court is not required to recite each factor it considers. *People v. McDonald*, 322 Ill. App. 3d 244, 251, 749 N.E.2d 1066, 1072 (2001). In fact, when mitigating evidence is before the court, it is presumed the court considered it. *Id.* "[T]hat presumption will not be overcome without explicit evidence from the record that the *** court did not consider mitigating factors." *People v. Flores*, 404 Ill. App. 3d 155, 158, 935 N.E.2d 1151, 1155 (2010). We find the record does not rebut the presumption the trial court considered the relevant factors in mitigation.

¶ 23    We find, as the trial court did when dismissing defendant's motion to reconsider sentence, the court "carefully considered all of the evidence that was presented during the sentencing hearing including the information set forth in the presentence report." We defer to the trial court's determination the aggravating factors "substantially outweighed" the mitigating factors. As such, no colorable argument can be made the court abused its discretion in sentencing defendant or in denying his motion to reconsider sentence.

¶ 24                          C. Rule 605(b) Admonishments

¶ 25    Pursuant to Rule 604(d), "[n]o appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files *** a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). In this case, defendant filed a motion to reconsider sentence with the trial court, but he did not file a motion to withdraw his plea of guilty and vacate judgment. Where defendant failed to file a motion to withdraw his guilty plea, any

- 7 -

challenge to matters outside defendant's sentencing would be dismissed. See *People ex rel. Alvarez v. Skryd*, 241 Ill. 2d 34, 40, 944 N.E.2d 337, 342 (2011) ("Where a defendant has failed to file a motion to withdraw the guilty plea, the appellate court must dismiss the appeal.").

¶ 26    "Rule 605(b) and Rule 605(c), which complement Rule 604(d) and serve as a corollary to the requirements of Rule 604(d), provide the admonitions the trial judge must give a defendant when imposing sentence on a defendant who has pled guilty." *People v. Dominguez*, 2012 IL 111336, ¶ 13, 976 N.E.2d 983. Our supreme court has stated Rule 604(d) "is not without exceptions." *People v. Flowers*, 208 Ill. 2d 291, 301, 802 N.E.2d 1174, 1180 (2003). "If the trial court fails to give the admonishments set forth in Rule 605 and the defendant subsequently attempts to appeal without first filing the motions required by Rule 604(d), the appeal is not dismissed. Instead, the appropriate course is to remand the cause to the trial court for strict compliance with Rule 604(d)." *Id.*

¶ 27    Regarding non-negotiated guilty pleas, Rule 605(b) provides, in relevant part:

"[T]hat prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion." Ill. S. Ct. R. 605(b)(2) (eff. Oct. 1, 2001).

¶ 28    Rule 605(b) must be strictly complied with "in that the admonitions *must* be given." (Emphasis in original.) *Dominguez*, 2012 IL 111336, ¶ 21. However, the rule "need not be read nearly verbatim." *Id.* ¶ 22. "Rather, *** the court must 'substantially' advise a defendant under Rule 605([b]) in such a way that the defendant is properly informed, or put on notice, of what he must do in order to preserve his right to appeal his guilty plea or sentence." *Id.* "So long

as the court's admonitions were sufficient to impart to a defendant the essence or substance of the rule, the court has substantially complied with the rule." *Id.*

¶ 29 Here, the trial court, after imposing sentence, admonished the defendant, in relevant part, as follows:

> "You do have the right to appeal. Prior to taking an appeal, you must file in this court within 30 days of today's date a written motion asking to have the Court reconsider the sentence imposed or to consider any challenges to the sentencing hearing. And also you can file a motion at that time to have the judgment vacated and for leave to withdraw your plea of guilty setting forth your grounds for the motion.
>
> If the motion is allowed, the sentence may be modified or the plea of guilty, sentence, and judgment could be vacated and a trial date set on the charges to which the plea of guilty was made.
>
> * * *
>
> If the motion to reconsider the sentence or vacate the judgment is denied and you still desire to appeal, you must file your notice of appeal within 30 days of the date that motion is denied.
>
> And in any appeal taken from the judgment on the plea of guilty, any issue or claim of error not raised in the motion to reconsider the sentence or vacate the judgment and withdraw your plea shall be deemed waived."

The trial court's admonishments complied with Rule 605(b), properly informing defendant of his right of appeal and the proper procedures to follow. We conclude, as OSAD did, any challenge defendant was not properly admonished pursuant to Rule 605(b) would be without merit.

¶ 30                                    III. CONCLUSION

¶ 31            For the reasons stated, we grant appointed counsel's motion to withdraw and
affirm the trial court's judgment.

¶ 32            Affirmed.