NOTICE
This Order was filed under
Supreme Court Rule 23 and is not
precedent except in the limited
circumstances allowed under Rule
23(e)(1).

2021 IL App (4th) 200226-U

NO. 4-20-0226

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 15, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | De Witt County |
| THOMAS J. ATCHISON, | ) | No. 17CF3 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Karle Eric Koritz, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices DeArmond and Steigmann concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We grant the Office of the State Appellate Defender's motion to withdraw as appellate counsel and affirm the trial court's judgment where no meritorious issue can be raised on appeal.

¶ 2        This case comes to us on the motion of the Office of the State Appellate Defender (OSAD) to withdraw as counsel, asserting no meritorious issues can be raised in this case. For the reasons that follow, we grant OSAD's motion to withdraw and affirm the trial court's judgment.

¶ 3                          I. BACKGROUND

¶ 4        On January 9, 2017, the State charged defendant, Thomas J. Atchison, by information with nonconsensual dissemination of private sexual images (720 ILCS 5/11-23.5(b)(1) (West 2016)). At the arraignment hearing, the trial court admonished defendant

regarding the nature of the charge against him and his right to counsel. Defendant waived his right to counsel and indicated he wished to plead guilty. After being fully admonished by the court, defendant entered a plea of guilty.

¶ 5 On February 28, 2017, the trial court conducted defendant's sentencing hearing. Defendant declined counsel at the sentencing hearing, and the court sentenced defendant to 30 months in prison, consecutive to the sentence imposed in De Witt County case No. 16-CF-101. The court admonished defendant on his right to appeal.

¶ 6 On March 29, 2017, defendant filed a *pro se* motion to withdraw his plea of guilty and vacate judgment, alleging he pleaded guilty because he assumed the court would be lenient and he was overwhelmed by his multiple court cases. He further alleged the image was posted in self-defense, with consent, and was not actually an image of his wife. Finally, defendant alleged he was unclear about the charge because the law books in the De Witt and Piatt County jails were 20 years old. Defendant did not attach an affidavit or exhibit to his motion.

¶ 7 On April 13, 2017, the trial court held a hearing on defendant's motion to withdraw his guilty plea, at which defendant appeared *pro se*. After hearing the parties' arguments, the court denied defendant's motion. Defendant appealed.

¶ 8 On appeal, this court determined the trial court failed to strictly comply with the requirements of Illinois Supreme Court Rule 604(d) (eff. Mar. 8, 2016) where the court failed to determine if defendant was represented by counsel, appoint counsel, or obtain a knowing and intelligent waiver of his right to counsel. See *People v. Atchison*, 2019 IL App (4th) 170300-U. We remanded for further proceedings in compliance with Rule 604(d).

¶ 9        On October 28, 2019, the trial court held a hearing to admonish defendant pursuant to Rule 604(d) in accordance with our decision. Defendant requested court-appointed counsel, and counsel was appointed to assist defendant with his motion.

¶ 10       On March 11, 2020, appointed counsel filed an amended motion to withdraw defendant's guilty plea. In the amended motion, defendant alleged he was prescribed Xanax but did not have access to this medication while in custody. Defendant also alleged his "mental stability at the time of his plea is questionable." Defendant explained his "children had been taken by [the Department of Children and Family Services (DCFS)], he had been threatening suicide and was in mental anguish." Because of the foregoing, defendant alleged he failed to understand the possible consequences of his plea. Defendant did not attach an affidavit or exhibit to his motion.

¶ 11       Also on March 11, 2020, appointed counsel filed a certificate pursuant to Rule 604(d), stating she had consulted with defendant to ascertain the contentions of error, examined the trial court file and report of proceedings, and made any amendments necessary for adequate presentation of the motion.

¶ 12       On March 12, 2020, the trial court held a hearing on defendant's amended motion to withdraw his guilty plea. Defendant testified he was prescribed Lisinopril, Norvasc, Xanax, and Zoloft but he was denied Xanax at the De Witt County jail. Defendant described the effects of being off the Xanax as follows: "It affects my decision-making. It affects cognitive behavior, thought process. It makes me very paranoid. I have lots of anxiety. My depression goes sky-high as well as my anxiety." He agreed he was experiencing those symptoms when he pleaded guilty. Defendant explained his mental stability and ability to make knowing and intelligent decisions were affected by his children's placement with DCFS and his discovery his then wife was

cheating. He also stated he was suicidal and considered "drink[ing] [him]self to death." Defendant testified he was under the impression he would get probation if he pleaded guilty, and although he attempted to research the elements of the offense, the law books in the De Witt County jail were over 20 years old, so he did not understand the charge.

¶ 13 The State did not cross-examine defendant or call any witnesses but did ask the court to take judicial notice of the transcripts of the prior proceedings. During closing arguments, the State focused on the transcript from the plea hearing, stating, "I think the transcript speaks for itself." The State highlighted the admonishments the court gave defendant during the plea hearing.

¶ 14 The trial court denied defendant's motion to withdraw his guilty plea, noting the thorough admonishments by the court at the plea hearing and that, at the time of the plea, "it appeared to the [c]ourt he was of sound mind. The [d]efendant indicated he was of sound mind, indicated that the medications he was taking at that time didn't affect his ability to enter into a decision of this magnitude."

¶ 15 On March 30, 2020, defendant filed a timely *pro se* notice of appeal, and OSAD was appointed to represent defendant on appeal. In September 2020, OSAD filed a motion for leave to withdraw as defendant's counsel on appeal. OSAD filed a proof of service indicating it mailed a copy of the motion to defendant by United States mail, with postage prepaid. On its own motion, this court granted defendant leave to respond to the motion for leave to withdraw on or before October 23, 2020. Defendant did not do so. After examining the record, we grant OSAD's motion and affirm the trial court's judgment.

¶ 16                                    II. ANALYSIS

¶ 17    OSAD outlines the following potential issues for review in its motion to withdraw: (1) whether the trial court and post-plea counsel complied with the requirements of Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) and (2) whether the trial court erred in dismissing the motion to vacate defendant's plea.

¶ 18                    A. Rule 604(d)

¶ 19    Rule 604(d) provides, in relevant part:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.
>
> * * *
>
> The motion shall be presented promptly to the trial judge by whom the defendant was sentenced ***. The trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel.
>
> *** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary

for adequate presentation of any defects in those proceedings. Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 20       On remand, the trial court complied with our order to determine if defendant was indigent and desired counsel in compliance with Rule 604(d). Defendant informed the court he desired counsel, and counsel was appointed. Any argument the trial court failed to comply with Rule 604(d) on remand would be meritless.

¶ 21       "The question of whether defense counsel complied with Rule 604(d) is subject to *de novo* review." *People v. Grice*, 371 Ill. App. 3d 813, 815, 867 N.E.2d 1143, 1145 (2007). "[S]trict compliance with Rule 604(d) is required and a reviewing court must remand in any case where counsel failed to strictly comply." *People v. Prather*, 379 Ill. App. 3d 763, 768, 887 N.E.2d 44, 47 (2008). "While strict compliance does not require that the language of the rule be recited verbatim in the certificate, some indication must be presented that counsel performed the duties required under the rule." *People v. Richard*, 2012 IL App (5th) 100302, ¶ 10, 970 N.E.2d 35; see also *People v. Dryden*, 2012 IL App (2d) 110646, ¶ 11, 980 N.E.2d 203 (noting Rule 604(d)'s "purpose is to eliminate the need for guesswork about the 'core' of a defendant's contentions").

¶ 22       In this case, appointed counsel filed a Rule 604(d) certificate certifying as follows:

> "1. I have consulted in person, by mail, or by electronic means to ascertain the defendant's contentions of error in the entry of the plea of guilty and in the sentence;
>
> 2. I have examined the trial court file and report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing; and

3. I have made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings."

Counsel's certificate strictly complies with the requirements of Rule 604(d). Therefore, any argument counsel failed to comply with Rule 604(d) would be meritless.

¶ 23                    B. Defendant's Amended Motion to Vacate His Guilty Plea

¶ 24            There is no absolute right to withdraw a guilty plea; rather, a defendant must show a manifest injustice in his or her circumstances, such as a denial of due process. *People v. Hughes*, 2012 IL 112817, ¶ 32, 983 N.E.2d 439. "Due process requires that the court accept [a] defendant's guilty plea only upon an affirmative showing that [the] defendant entered his plea voluntarily and knowingly." *People v. Haywood*, 2016 IL App (1st) 133201, ¶ 36, 50 N.E.3d 1237. "We review the trial court's decision to deny a defendant's motion to withdraw guilty plea for an abuse of discretion." *People v. Chavez*, 2013 IL App (4th) 120259, ¶ 14, 998 N.E.2d 143.

¶ 25            Here, in his amended motion to withdraw his guilty plea, defendant alleged his plea was not entered into voluntarily and knowingly because he was not taking his prescribed medication, Xanax, and his mental state was "questionable" because his children had been placed with DCFS. However, as the trial court noted at the hearing on defendant's amended motion, this allegation is completely contradicted by the record. During the court's admonishments to defendant at the guilty-plea hearing, the following exchange occurred:

"THE COURT: [Defendant], the concern I have is that you might be under emotional duress from the arrest itself and might be rushing into a decision, but you appear to be of sound mind this morning so I just want to verify for the record that you're not under emotional duress or anything right now; is that correct?

THE DEFENDANT: That's correct, your Honor."

In addition, at the hearing on defendant's amended motion to withdraw his guilty plea, defendant testified that his failure to take his prescribed medication, Xanax, negatively affected his mental state. However, in his statement in allocution at his sentencing hearing, defendant stated,

> "Due to everything I was on some very dangerous medications that definitely had an impact on my judgment. I was on Xarelto, Warfarin, Lisinopril, Flexeril, Hydroxyzine, Zoloft, Xanax, and Valium. Today I am only on Zoloft and Lisinopril. I'm more clear-minded and am happy for once, even though I'm currently incarcerated. But sobriety is good."

No other evidence was presented to support defendant's claims of emotional distress or the impact of his lack of medication. See *People v. Bryant*, 2016 IL App (5th) 140334, ¶ 34, 54 N.E.3d 309 (Finding although the defendant testified "that [the witness's] testimony had 'destroyed' him *** there is no credible evidence that the defendant's alleged emotional state impacted his ability to make a knowing and voluntary guilty plea.").

¶ 26        At the hearing on defendant's amended motion to withdraw his guilty plea, defendant also testified he did not understand the consequences of pleading guilty and was under the impression he would receive probation if he pleaded guilty. He also testified he did not understand the charge because the law books in the De Witt County jail were over 20 years old. This is, again, contradicted by the record. The trial court thoroughly admonished defendant as to the nature of the charge against him and the applicable sentencing range both when defendant waived counsel and when he pleaded guilty. Defendant confirmed he understood the charge and sentencing range on both occasions.

¶ 27 Accordingly, because nothing in the record supports defendant's allegation that his plea was not entered voluntarily and knowingly, we agree with OSAD that no meritorious argument can be made that the trial court abused its discretion in denying defendant's motion.

¶ 28                                III. CONCLUSION

¶ 29 For the reasons stated, we affirm the trial court's judgment.

¶ 30 Affirmed.