NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230505-U

NO. 4-23-0505

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 30, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Henry County |
| MICHAEL R. LINDQUIST, | ) | Nos. 21CF174 |
|     Defendant-Appellant. | ) | 21TR1254 |
| | ) | 21TR1255 |
| | ) | |
| | ) | Honorable |
| | ) | Terence M. Patton, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Steigmann and Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court (1) affirmed defendant's five-year sentence for possession of
       methamphetamine and (2) reversed the trial court's denial of defendant's motion
       to reconsider his sentence for driving while his license was revoked and remanded
       for further proceedings in compliance with Illinois Supreme Court Rule 604(d)
       (eff. Dec. 7, 2023).

¶ 2    In October 2022, defendant, Michael R. Lindquist, pleaded guilty to driving while

his license was revoked (625 ILCS 5/6-303(a), (d-3) (West 2020)). Later that same month, a jury

convicted defendant of possession of methamphetamine (720 ILCS 646/60(a) (West 2020)) and

operating an uninsured motor vehicle (625 ILCS 5/3-707(a) (West 2020)). In June 2023, the trial

court sentenced defendant to two concurrent terms of five years' imprisonment, to be served at

50%, followed by six months' mandatory supervised release (MSR) on the driving while license

revoked and possession of methamphetamine convictions. Defendant filed a motion to reconsider his sentence, which the court denied.

¶ 3        On appeal, defendant challenges his five-year sentence for possession of methamphetamine as excessive. Defendant also argues this court should reverse the denial of his motion to reconsider sentence as to his conviction for driving while his license was revoked, and remand for further proceedings because his counsel did not include a certificate required by Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) with the motion. For the following reasons, we (1) affirm defendant's five-year sentence for possession of methamphetamine and (2) reverse the denial of defendant's motion to reconsider sentence as to his conviction for driving while his license was revoked and remand for further proceedings in compliance with Rule 604(d).

¶ 4                                    I. BACKGROUND

¶ 5                              A. Defendant's Convictions

¶ 6        In April 2021, a Henry County sheriff's deputy stopped defendant's vehicle and issued him citations for driving while his license was revoked and operating an uninsured motor vehicle. In June 2021, the State charged defendant by information with possession of methamphetamine (720 ILCS 646/60(a) (West 2020)) and possession of drug paraphernalia (720 ILCS 600/3.5(a) (West 2020)) related to the April 2021 traffic stop. In October 2022, the State amended the information to include a felony count of driving while his license was revoked. Defendant pleaded guilty to the felony count. Thereafter, a jury found defendant guilty of possession of methamphetamine and operating an uninsured motor vehicle. Defendant was found not guilty of possession of drug paraphernalia.

¶ 7                               B. Defendant's Sentences

¶ 8        Numerous witnesses, including defendant, testified at the sentencing hearing. The theme of the testimony was the desire for defendant to be sent to a rehabilitation program rather than imprisoned.

¶ 9        Defendant delivered a statement in allocution, stating:

> "I acknowledge the fact that I was acting irresponsibly within my disease of addiction and that I broke the law. And that today I have to be punished. I've put myself in many compromising situations throughout my life, and not to make any excuses whatsoever, but I could not prepare for the world to shut down for 18 months. Had that not happened, I would have been able to find the help I needed way before I ever relapsed. And I don't think we would be here today if that was the case.
>
> But here I am. I'm six months sober. I'm clear headed. I'm refocused. I've hit the reset button and I've got good momentum behind me and a great support group. With all the new avenues and resources that I've found while being incarcerated, I've also found myself again and a new hope.
>
> * * *
>
> I'm tired. I'm sick and tired of doing this. I'm not asking for a get-out-of-jail-free card today. I'm begging you for a chance at life."

Numerous letters, including two from defendant, were submitted to the trial court. In his first letter, defendant described relapsing due to losing his employment and support system once the COVID-19 pandemic began, participating in Alcoholics Anonymous meetings, becoming a "Certified Associate Addictions Professional," wanting to participate in the Adult and Teen

Challenge Men's Center in Pekin, Illinois, wanting to establish an organization that could "target[ ] the differences between criminals fueling addiction and addicts fueling criminality," and wanting to work with "troubled youth" to "break th[e] cycle" of drug abuse, which he would not be able to do if he was imprisoned. In his second letter, defendant stated he would not be able to participate in continuing education programs to maintain his certification as a "Certified Associate Addictions Professional" if he was imprisoned. The themes of the other letters were defendant's goodness, kindness, sincerity, and other positive character traits, and how he would benefit from an inpatient substance abuse treatment program.

¶ 10          Defendant's counsel urged the trial court to allow defendant to "get the help for the underlying root cause of all of this," namely his drug addiction, so he could "still be[ ] a member of the society here and still be[ ] somebody who can contribute to that society."

¶ 11          While the State acknowledged defendant's struggles with addiction, it requested a term of imprisonment, noting defendant's "consistent pattern of criminal behavior" and his unsuccessful attempts at probation and substance abuse treatment. The State characterized defendant's six months of sobriety as the result of him being in custody.

¶ 12          In imposing sentence, the trial court stated it had considered, *inter alia*, the "statutory factors in mitigation and aggravation[ ] and any relevant nonstatutory factor," as well as "the *** rehabilitative potential of the defendant." The court discussed the pertinent statutory mitigating factors. The court found the fact the cases did not involve physical harm weighed in mitigation. The court continued:

> "[D]id the character and attitude of the defendant indicate he is unlikely to
> commit another crime? Well, he's expressed remorse. He says he wants to

get treatment and get his addiction under control. *** That's not the issue. The issue is following up on it.

***

*** [Y]ou have to look at not just what he says but what he's done. And he hasn't done much to get his addiction under control."

¶ 13 The trial court also considered the likeliness of defendant's compliance with a term of probation and found, "[b]ased on the evidence in front of me, the answer to that is no." The court noted how, for 17 years, courts have tried to rehabilitate defendant through probation and treatment, but he has been unsuccessful with both the entire time. According to the court, defendant "had multiple opportunities to rehabilitate himself and he's not done it every single time."

¶ 14 The trial court discussed the pertinent statutory aggravating factors. The court found a prison sentence was necessary to deter others from committing the same crime. The court then noted defendant had "a lengthy criminal record," including for crimes committed while he was released on bond.

¶ 15 Finally, the trial court addressed defendant's rehabilitative potential and found it to be "low at this point in time." The court agreed with the State that defendant had been sober because he had been "locked up." The court expressed hope that "at some point in time, [defendant is] going to decide that he's going to get serious about the treatment, complete the treatment, and stay sober, but that's going to have to be his decision."

¶ 16 The trial court sentenced defendant to concurrent sentences of five years' imprisonment, to be served at 50%, followed by six months' MSR for the convictions of possession of methamphetamine and driving while his license was revoked.

¶ 17        Defendant, through counsel, filed a motion to reconsider his sentence, arguing it was excessive, which the trial court denied. Counsel did not include a certificate as required by Rule 604(d) with the motion to reconsider.

¶ 18        This appeal followed.

¶ 19                            II. ANALYSIS

¶ 20        On appeal, defendant argues his sentence for possession of methamphetamine is excessive, and therefore an abuse of discretion. Specifically, defendant contends his sentence is disproportionate to the nature of the offense when considering his "largely non-violent criminal history and the overwhelming evidence of [his] rehabilitative potential." Defendant also maintains that because his counsel did not include a Rule 604(d) certificate with the motion to reconsider his sentence, this court must reverse the trial court's denial as it relates to the sentence for driving while his license was revoked and remand so counsel can file the necessary certificate.

¶ 21        The State argues defendant's five-year sentence for possession of methamphetamine was not excessive. However, the State also concedes we must reverse and remand for compliance with Rule 604(d) with respect to the motion to reconsider the sentence as to defendant's conviction for driving while his license was revoked.

¶ 22              A. Defendant's Possession of Methamphetamine Sentence

¶ 23        "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. The sentencing court must carefully consider all factors in aggravation and mitigation, including "the defendant's age, demeanor, habits, mentality, credibility, criminal history, general moral character, social environment, and education, as well as the nature and circumstances of

the crime and of defendant's conduct in the commission of it." *People v. Center*, 198 Ill. App. 3d 1025, 1033, 556 N.E.2d 724, 729 (1990). "Nonetheless, the seriousness of the offense, rather than any mitigating evidence, is the most important factor in sentencing." (Internal quotation marks omitted.) *People v. Wheeler*, 2019 IL App (4th) 160937, ¶ 38, 126 N.E.3d 787.

¶ 24 The trial court is not required to recite a detailed analysis of every mitigating factor it considered when rendering its sentencing decision. *People v. Quintana*, 332 Ill. App. 3d 96, 109, 772 N.E.2d 833, 845 (2002). "[I]f mitigating evidence is presented at the sentencing hearing, this court presumes that the trial court took that evidence into consideration, absent some contrary evidence." (Internal quotation marks omitted.) *People v. Pina*, 2019 IL App (4th) 170614, ¶ 19, 143 N.E.3d 794. "[T]he reviewing court must not substitute its judgment for that of the trial court merely because it would have weighed [the] factors differently." *People v. Stacey*, 193 Ill. 2d 203, 209, 737 N.E.2d 626, 629 (2000).

¶ 25 We afford great deference to the trial court's sentencing decision, as it is in the best position to observe the defendant and the proceedings. *Stacey*, 193 Ill. 2d at 209. As such, we review a sentence for an abuse of discretion. *Wheeler*, 2019 IL App (4th) 160937, ¶ 39. A trial court abuses its discretion only when its sentence "is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense." *People v. Bien*, 277 Ill. App. 3d 744, 756, 661 N.E.2d 511, 520 (1996).

¶ 26 The sentencing range for the Class 3 felony offense of possession of methamphetamine is two to five years. 720 ILCS 646/60(b)(1) (West 2022); 730 ILCS 5/5-4.5-40(a) (West 2022). Defendant's five-year sentence is within this range. "A sentence imposed within the statutory range provided by the legislature is presumed to be proper." *People v. Sturgeon*, 2019 IL App (4th) 170035, ¶ 104, 126 N.E.3d 703 (citing *People v. Charleston*, 2018

IL App (1st) 161323, ¶ 16, 138 N.E.3d 743). Accordingly, we presume this sentence is proper and review it for an abuse of discretion.

¶ 27 The record demonstrates the trial court adequately considered the relevant factors in mitigation and aggravation before rendering its sentencing decision. The court explicitly stated it considered the "statutory factors in mitigation and aggravation[ ] and any relevant nonstatutory factor." The court then discussed the pertinent factors and explained why they either did or did not weigh in mitigation or aggravation. As for mitigation, the court found the fact the offenses did not result in physical harm weighed in mitigation. 730 ILCS 5/5-5-3.1(a)(1) (West 2022). The court noted defendant's repeated failures in probation and treatment over 17 years and found defendant's conduct was not the result of circumstances unlikely to recur. 730 ILCS 5/5-5-3.1(a)(8) (West 2022). The court acknowledged defendant expressed remorse for his conduct but noted he had not done much in furtherance of his professed goal of getting his addiction under control. The court therefore did not find defendant's character and attitude indicated he was unlikely to commit another crime. 730 ILCS 5/5-5-3.1(a)(9) (West 2022). The court found, based on the evidence before it, defendant was not likely to comply with yet another term of probation. 730 ILCS 5/5-5-3.1(a)(10) (West 2022). As for aggravation, the court noted defendant had a lengthy criminal record, including crimes committed while he was released on bond. 730 ILCS 5/5-5-3.2(a)(3) (West 2022). The court also found a prison sentence was necessary to deter others from committing the same crimes. 730 ILCS 5/5-5-3.2(a)(7) (West 2022). Additionally, the court found defendant's rehabilitative potential to be "low at this point in time," particularly since he had only achieved six months of sobriety from being in custody.

¶ 28 Defendant effectively asks this court to reweigh the mitigating and aggravating factors, which we will not do. *Stacey*, 193 Ill. 2d at 209. Defendant's sentence is within the

- 8 -

statutory range for this offense, and there is nothing in the record to suggest the trial court's sentencing decision is "greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense." *Bien*, 277 Ill. App. 3d at 756. Thus, the court did not abuse its discretion in sentencing defendant to five years' imprisonment.

¶ 29                                    B. Rule 604(d) Compliance

¶ 30            Rule 604(d) provides, in pertinent part, the following:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged ***.

> * * *

> *** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence ***, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. Dec. 7, 2023).

¶ 31            "Our supreme court has held that strict compliance with Rule 604(d) is required." *People v. Prather*, 379 Ill. App. 3d 763, 768, 887 N.E.2d 44, 47 (2008) (citing *People v. Janes*, 158 Ill. 2d 27, 33, 630 N.E.2d 790, 792-93 (1994)). Accordingly,

"when defense counsel neglects to file a Rule 604(d) certificate, the appropriate remedy is a remand for (1) the filing of a Rule 604(d) certificate; (2) the opportunity to file a new motion to *** reconsider the sentence, if counsel concludes that a new motion is necessary; and (3) a new motion hearing." *People v. Lindsay*, 239 Ill. 2d 522, 531, 942 N.E.2d 1268, 1274 (2011).

"In determining whether defense counsel complied with Rule 604(d), the standard of review is *de novo*." *Prather*, 379 Ill. App. 3d at 768.

¶ 32        Here, it is undisputed defendant's counsel did not supplement the motion to reconsider defendant's sentence with a certificate, as required by Rule 604(d). As counsel did not comply with the certificate requirement, he did not strictly comply with Rule 604(d). Accordingly, we reverse the trial court's denial of defendant's motion to reconsider sentence as to his conviction of driving while his license was revoked and remand for further proceedings in compliance with Rule 604(d). See *Lindsay*, 239 Ill. 2d at 531.

¶ 33                                III. CONCLUSION

¶ 34        For the reasons stated, we (1) affirm defendant's five-year sentence for possession of methamphetamine and (2) reverse the denial of his motion to reconsider sentence as to his conviction for driving while his license was revoked and remand for further proceedings in compliance with Rule 604(d).

¶ 35        Affirmed in part and reversed in part; cause remanded.