**NOTICE**
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 180075-U

NO. 4-18-0075

IN THE APPELLATE COURT

**FILED**
January 2, 2020
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Woodford County |
| NATHANIEL E. McEVERS, | ) | Nos. 16CF105 |
| Defendant-Appellant. | ) | 17CF97 |
| | ) | |
| | ) | Honorable |
| | ) | Charles M. Feeney III, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices Knecht and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court remanded, directing the trial court to proceed in accordance with Rule 604(d), where defendant filed a timely *pro se* postplea motion seeking reconsideration of his sentence.

¶ 2    On December 4, 2017, in Woodford County case No. 17-CF-97, defendant, Nathaniel McEvers, entered an open plea of guilty to one count of residential burglary (720 ILCS 5/19-3(a) (West 2016)). On that same date, defendant admitted to violating his possession of a stolen firearm probation (720 ILCS 5/24-3.8 (West 2014)), in Woodford County case No. 16-CF-105. On January 11, 2018, the trial court sentenced defendant to eight years' imprisonment in case No. 17-CF-97. After revoking defendant's probation in case No. 16-CF-105, the court

resentenced defendant to five years' imprisonment to be served consecutively to defendant's sentence in case No. 17-CF-97.

¶ 3 At the conclusion of the sentencing hearing, the court admonished defendant in accordance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). On January 23, 2018, defendant filed a *pro se* "Motion to Appeal Sentence," outlining four "reasons *** I feel my motion should be considered." On February 1, 2018, the court directed the circuit clerk "TO FILE NOTICE OF APPEAL UPON MOTION OF DEFENDANT," which the circuit clerk did on February 2, 2018.

¶ 4 On appeal, defendant argues he filed a timely *pro se* motion to reconsider his sentence and, therefore, this court must remand to the trial court for strict compliance with Rule 604(d). We remand with directions.

¶ 5 I. BACKGROUND

¶ 6 On September 11, 2017, in case No. 17-CF-97, the State charged defendant with residential burglary (720 ILCS 5/19-3(a) (West 2016)), alleging defendant knowingly and without authority entered the residence of another with the intent to commit therein a theft. On September 14, 2017, the State filed a petition to revoke defendant's probation in case No. 16-CF-105. On December 4, 2017, defendant pleaded guilty to residential burglary in case No. 17-CF-97 and admitted violating his probation in case No. 16-CF-105.

¶ 7 On January 11, 2018, the trial court sentenced defendant to eight years' imprisonment in case No. 17-CF-97, and resentenced defendant to five years' imprisonment in case No. 16-CF-105. The court ordered the sentences be served consecutively. Thereafter, the court admonished defendant as follows:

"[Y]ou have a right to appeal. But before you may take that appeal, as to 17-CF-97, if you wish to withdraw your plea of guilty, you must file in this court within 30 days of today a written motion asking me for leave to withdraw your plea of guilty. Every reason must be stated in this written motion why I should let you withdraw your plea of guilty, or any other reason will be deemed waived or given up for the purposes of your appeal.

You can also file—you also, if you wish to address your sentence, must file within 30 days of today a written motion asking me to reconsider your sentence. Each and every reason must be stated in this written motion on why I should reconsider your sentence, or any other reason will be deemed waived or given up for the purposes of your appeal.

As to 16-CF-105, you have a right to an appeal, but you must file–if you wish to address your sentence, you must file in this court a written motion asking me to reconsider your sentence. That must be filed within 30 days of today. Each and every reason must be stated in this written motion on why I should let you—or why I, rather, I should reconsider your sentence, or any other reason would be deemed waived or given up for the purposes of your appeal.

As to both cases, I could modify your sentence.

***

But if I deny your motions, the motions to reconsider your sentence [and,] in regard to 17-CF-97, the motion to withdraw your plea of guilty, if I were to deny those motions and you still wish to appeal, then within 30 days of the date that I would deny your motion or motions you would have to file a Notice of Appeal. You can ask the clerk to prepare and file that Notice of Appeal for you, but it still has to be filed within that same 30-day time frame, or you would lose or give up your right to an appeal.

If you cannot afford it, an attorney can be appointed to assist you on your motions and on your appeal ***. Do you understand your appellate rights?"

Defendant responded affirmatively.

¶ 8    On January 23, 2018, defendant filed a *pro se* motion captioned "Motion to Appeal Sentence," which stated:

"I Nathaniel McEvers hereby file a motion to appeal my sentence. With the reasons stated I feel my motion should be considered.

1) In the Case No: 16-CF-105 the Firearm in question was retrieved with information I provided and no evidence showed that the weapon took place in any violent offenses.

2) Neither offense commited [*sic*] was violent.

3) I have never been to the Illinois Department of Corrections.

- 4 -

4) The party in both cases tried to get the charges dropped.

With all the [*sic*] being said please consider my motion and

get me back home to my family sooner.

Thank You

[Signature]

Nathaniel McEvers"

¶ 9      The record shows a docket entry dated January 26, 2018, stating "MOTION TO

APPEAL SENTENCE FILED BY DEF." A docket entry dated February 1, 2018, directed the

circuit clerk "TO FILE NOTICE OF APPEAL UPON MOTION OF DEFENDANT," which the

circuit clerk did on February 2, 2018.

¶ 10      This appeal followed.

¶ 11                                II. ANALYSIS

¶ 12      As an initial matter, we note the supreme court entered a supervisory order on

March 8, 2019, directing this court to treat defendant's docketed appeal as an appeal from his

conviction and sentence in case No. 17-CF-97 and from his probation revocation and sentence in

case No. 16-CF-105. *People v. McEvers*, No. 124805 (Ill. May 8, 2019) (supervisory order).

¶ 13      On appeal, defendant argues the trial court incorrectly treated his motion to

reconsider his sentence, filed *pro se*, as a notice of appeal. Accordingly, defendant maintains we

must remand and direct the trial court to appoint counsel and conduct further proceedings in

strict compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). We agree.

¶ 14      "Trial judges are in a superior position to consider alleged deficiencies regarding

guilty pleas and sentences imposed thereon. Accordingly, Rule 604(d) requires that a defendant

- 5 -

first address to the trial court any allegation of error regarding either a plea of guilty or a corresponding sentence." *People v. Foster*, 171 Ill. 2d 469, 471, 665 N.E.2d 823, 824 (1996).

¶ 15    Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) states, in pertinent part:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.

***

The motion shall be in writing and shall state the grounds therefor. *** The motion shall be presented promptly to the trial judge by whom the defendant was sentenced, and if that judge is then not sitting in the court in which the judgment was entered, then to the chief judge of the circuit, or to such other judge as the chief judge shall designate. The trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel.

If the defendant is indigent, the trial court shall order a copy of the transcript as provided in Rule 402(e) be furnished the defendant without cost. The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person

to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings.

The motion shall be heard promptly, and if allowed, the trial court shall modify the sentence or vacate the judgment and permit the defendant to withdraw the plea of guilty and plead anew. If the motion is denied, a notice of appeal from the judgment and sentence shall be filed within the time allowed in Rule 606, measured from the date of entry of the order denying the motion. Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 16 The Illinois Supreme Court added paragraph (d) of Rule 604 in 1975 to meet a specific need. *People v. Tousignant*, 2014 IL 115329, ¶ 13, 5 N.E.3d 176. The supreme court explained:

" 'A few years after the effective date of our 1970 Constitution, it came to the attention of this court that a large number of appeals in criminal cases were being taken from pleas of guilty. *** A review of the appeals in those cases revealed that many of the errors complained of could and undoubtedly would be

- 7 -

easily and readily corrected, if called to the attention of the trial court. The rule was designed to eliminate needless trips to the appellate court and to give the trial court an opportunity to consider the alleged errors and to make a record for the appellate court to consider on review in cases where defendant's claim is disallowed.' " *Tousignant*, 2014 IL 115329, ¶ 13 (quoting *People v. Wilk*, 124 Ill. 2d 93, 106, 529 N.E.2d 218, 222-23 (1988)).

¶ 17 Defendant contends, despite being captioned as a "Motion to Appeal Sentence," his *pro se* post-plea filing was a motion to reconsider his sentence. According to defendant, his motion triggered the trial court's obligation under Rule 604(d), to determine if he was indigent and, if so, whether he desired the appointment of counsel. Upon review of defendant's filing, we agree.

¶ 18 Here, following sentencing, defendant timely filed a *pro se* motion labeled "Motion to Appeal Sentence." However, "it is well-settled that the substance of a pleading, not its caption, identifies its nature." *People v. Miller*, 2017 IL App (3d) 140977, ¶ 29, 80 N.E.3d 664; see *People v. Smith*, 371 Ill. App. 3d 817, 821, 867 N.E.2d 1150, 1154 (2007) ("[A] motion's content determines its character, not the title or label asserted by the movant."). Upon review, we find the motion constituted a motion to reconsider sentence. First, defendant indicated "[w]ith the *reasons* stated I feel my motion should be *considered*." (Emphases added.) Defendant then listed "the reasons" he felt his motion should be "considered" as the court had specifically instructed him to do 12 days earlier. Finally, in his closing paragraph, defendant requested the court "consider" his motion.

¶ 19    The plain language of his motion demonstrates defendant wanted the trial court to reconsider his sentence. When he filed the motion, defendant triggered the court's duty to determine whether defendant was represented by counsel. In the event defendant lacked counsel, the court then had to assess defendant's indigence and, if appropriate, appoint counsel. See *People v. Barnes*, 291 Ill. App. 3d 545, 550, 684 N.E.2d 416, 420 (holding that upon receipt of a postplea motion, a trial judge must ascertain whether a defendant is represented by counsel and upon a showing of indigence, appoint counsel to assist with the preparation and presentation of the postplea motion).

¶ 20    In opposition, the State cites our supreme court's decision in *People v. Stoffel*, 239 Ill. 2d 314, 324, 941 N.E.2d 147, 154 (2010), for the proposition that "a trial court has *no obligation* to recharacterize a *pro se* pleading ***." (Emphasis in original.) However, here, *Stoffel* provides no guidance. In *Stoffel*, when considering the plain language in section 122-1(d) of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1(d) (West 2006)), our supreme court held, "[A] trial court's decision *not* to recharacterize a defendant's *pro se* pleading as a postconviction petition may not be reviewed for error." (Emphasis in original.) *Stoffel*, 239 Ill. 2d at 324. Paragraph (d) of section 122-1 of the Act specifically requires a defendant seeking relief under that section to "specify in the petition or its heading" that it is filed pursuant to section 122-1. Thus, absent is any duty on the trial court to recharacterize a pleading labeled otherwise. 725 ILCS 5/122-1(d) (West 2008). Logically, the court reasoned, "[i]t cannot be error for a trial court to fail to do something it is not required to do." *Stoffel*, 239 Ill. 2d at 324.

¶ 21    Here, defendant's motion was brought pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), not section 122-1 of the Act. Unlike section 122-1 of the Act, Rule 604(d) lacks any requirement that defendant specify that his motion is filed pursuant to Rule

604(d). Although defendant filed a postplea motion labeled "Motion to Appeal Sentence," when we examine the substance of the pleading, we find the timely filed motion sought reconsideration of defendant's sentence. Thus, upon reviewing the motion, the trial court should have first ascertained whether defendant was represented by counsel. Then, if defendant lacked counsel, upon a showing of indigence, Rule 604(d) required the court, if defendant so desired, to appoint counsel to assist with the preparation and presentation of the postplea motion. However, although we are remanding this matter, we do want to acknowledge the trial court's efforts and the difficulty faced when called upon to interpret defendant's *pro se* motion.

¶ 22                                    III. CONCLUSION

¶ 23        For the reasons stated, we remand the cause and direct the trial to strike the notice of appeal and determine whether defendant is represented by counsel. If defendant is without counsel, upon a showing of indigence, the court shall appoint counsel if defendant so desires.

¶ 24        Remanded with directions.