NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200555-U

NOS. 4-20-0555, 4-20-0556 cons.

IN THE APPELLATE COURT

FILED
August 3, 2021
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Woodford County |
| NATHANIEL McEVERS, | ) | Nos. 16CF105 |
| Defendant-Appellant. | ) | 17CF97 |
| | ) | |
| | ) | Honorable |
| | ) | Charles M. Feeney III, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Presiding Justice Knecht and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, concluding (1) the trial court substantially complied
with Illinois Supreme Court Rule 402A(b) (eff. Nov. 1, 2003) and (2) postplea
counsel strictly complied with Illinois Supreme Court Rule 604(d) (eff. Feb. 6,
2013).

¶ 2    In these consolidated cases, defendant, Nathaniel McEvers, appeals from his

convictions and sentences for possession of a stolen firearm (720 ILCS 5/24-3.8 (West 2014))

(Woodford County case No. 16-CF-105), and residential burglary (720 ILCS 5/19-3(a) (West

2016)) (Woodford County case No. 17-CF-97). Defendant argues (1) the trial court failed to

properly admonish him pursuant to Illinois Supreme Court Rule 402A(b) (eff. Nov. 1, 2003)

when it accepted his admission to violating his probation without inquiring as to whether his

admission was pursuant to an agreement with the State and (2) his postplea attorney failed to

comply with Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013) when he failed to review the reports of proceedings and amend defendant's *pro se* motion to reconsider his sentence. We affirm the trial court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4                        A. The Charges and Petitions to Revoke Probation

¶ 5            In August 2016, defendant entered an open plea of guilty to possession of a stolen firearm, a Class 2 felony (720 ILCS 5/24-3.8(a), (b) (2016)), in Woodford County case No. 16-CF-105, for which he was sentenced to 48 months' probation. In January 2017, the State filed a petition to revoke defendant's probation, alleging he violated his probation by using drugs and alcohol, going to unauthorized locations, and committing the offense of unlawful possession of a controlled substance. The State later filed a supplemental petition to revoke defendant's probation, alleging he violated the rules of home confinement and moved to a new address and failed to notify his probation officer. In February 2017, defendant admitted to violating his probation and was resentenced to 48 months' probation in April 2017.

¶ 6            In September 2017, the State charged defendant by information with residential burglary, a Class 1 felony (720 ILCS 5/19-3(a), (b) (West 2016)), in Woodford County case No. 17-CF-97. The State filed another petition to revoke defendant's probation in case No. 16-CF-105, alleging defendant violated his probation by committing the offense of residential burglary in case No. 17-CF-97, failing to complete drug and alcohol treatment, using cannabis, and refusing to submit to a drug screen (counts B1 to B4).

¶ 7            On December 4, 2017, defendant entered an open plea of guilty to one count of residential burglary (720 ILCS 5/19-3(a) (West 2016)) in case No. 17-CF-97. At the beginning of the hearing, the following exchange took place:

"[DEFENSE COUNSEL]: We have an open plea on 17-CF-97, and on 16-CF-105 we have an admission on paragraphs B1 through B3.

THE COURT: And no plea agreement? It's an open plea?

[DEFENSE COUNSEL]: It's open."

The court then admonished defendant regarding the rights he was giving up by pleading guilty, stating the following:

"An open plea, or you may have heard the term blind plea, that means that there is no plea agreement. It means that this case will be set for a sentencing hearing—or these cases when *** the petition to revoke is admitted—these cases will be set for a sentencing hearing. And at that sentencing hearing you and the State will both have an opportunity to present evidence. I will listen to both sides of the case and then decide upon a sentence."

¶ 8 The court then turned to the State's petition to revoke defendant's probation in case No. 16-CF-105. The court admonished defendant regarding the allegations in the petition and explained the consequences of an admission to those allegations. Following those admonitions, the following colloquy ensued:

"THE COURT: Has anyone threatened you, forced you, or coerced you to make these admissions?

THE DEFENDANT: No, sir.

THE COURT: Is it your decision alone to make these admissions?

THE DEFENDANT: Yes.

THE COURT: Do you admit or deny the allegations of the petition to revoke in 16-CF-105 as alleged in paragraphs B1 through 3? Admit or deny?

THE DEFENDANT: Yes. I admit."

¶ 9       The State then presented the factual basis for the petition, and the court accepted defendant's admission. The court additionally indicated it had received a written admission from defendant, which was a document titled "Admission in Proceeding to Revoke Probation, Conditional Discharge or Supervision." The document contained defendant's signature at the bottom, and stated, *inter alia*, "I acknowledge that I have made this admission voluntarily and not on the basis of any promise or coercion. Any agreement which I have made with the State has been stated in open court and the factual basis has been given for the allegation." The State withdrew paragraph B4 of the petition to revoke probation.

¶ 10                    B. Sentencing Hearing and Direct Appeal

¶ 11      On January 11, 2018, the trial court sentenced defendant to eight years' imprisonment in case No. 17-CF-97. After revoking defendant's probation in case No. 16-CF-105, the court resentenced defendant to five years' imprisonment to be served consecutively to defendant's sentence in case No. 17-CF-97.

¶ 12      Following sentencing, defendant *pro se* filed a pleading titled, "Motion to Appeal Sentence." The trial court construed the motion as a request to file a notice of appeal and directed the clerk to file the notice "upon motion of def[endant]." The notice of appeal stated defendant intended to appeal from the judgment in case No. 16-CF-105, but not No. 17-CF-97. This court docketed the appeal as No. 4-18-0075.

¶ 13      In April 2019, defendant filed a motion in the Illinois Supreme Court, requesting that it enter a supervisory order directing this court to consider the appeal docketed as No. 4-18-0075 as an appeal from both (1) his conviction and sentence in No. 17-CF-97 and (2) his probation revocation and sentence in No. 16-CF-105. The supreme court allowed defendant's

motion and entered a supervisory order to that effect. *People v. McEvers*, No. 124805 (Ill. May 8, 2019) (supervisory order).

¶ 14       In his first direct appeal, defendant argued the trial court incorrectly treated his *pro se* pleading as a notice of appeal rather than a motion to reconsider his sentence, and this court agreed. *People v. McEvers*, 2020 IL App (4th) 180075-U, ¶ 13. Accordingly, this court remanded the case with directions to strike the notice of appeal and appoint counsel for defendant if he was unrepresented and indigent. *Id.* ¶ 23.

¶ 15                     C. Amended Motion to Reconsider Sentence

¶ 16       Following remand, defendant *pro se* filed an amended motion to reconsider his sentence, alleging his plea counsel, Andrew Lankton, was ineffective for failing to (1) file a posttrial motion, (2) "object properly *** [and] effectively," and (3) argue that certain mitigating factors applied to him at sentencing. Defendant further argued the trial court erred when it sentenced him to consecutive prison sentences because "consecutive sentencing is reserved for violent offenses and people on bond" and he "provided information and personally tried to retrieve the [stolen] firearm" with respect to case No. 16-CF-105.

¶ 17       At a status hearing on March 4, 2020, Lankton appeared with defendant and stated,

> "I would ask for another court date so I can have an opportunity to speak with [defendant] to determine a couple things, if there are any additional allegations that need to be raised and potentially whether I should be giving this case to [a different attorney] as some of the allegations in the amended motion seem to be directed at me."

¶ 18    At the next status hearing in June 2020, defendant appeared this time with new counsel, Jason Netzley. At that hearing, Netzley explained to the court that he had conferred with defendant, who had decided not to proceed with the ineffective assistance of counsel claims. When asked by the court to clarify his statement, Netzley explained, "[T]he motion didn't—wasn't very specific. [Defendant] believed that Mr. Lankton was ineffective because his open plea did not have a cap. He now understands that the defense attorney does not control whether or not the State offers a cap and the court accepts." When the court expressed concern regarding setting a hearing when it did not "know the pleading" that would be argued at that time, the following colloquy occurred:

"MR. NETZLEY: Your Honor, to the extent that I have just kind of advised the court what I believe we will be arguing, if the court did not require me to file an amended—amended petition, instead allowed me to simply elect upon the sentencing issue, then we wouldn't necessarily need a new pleading.

THE COURT: So you've got it adequately pled for the issue you need to deal with, you're just going to not proceed on one of the issues?

MR. NETZLEY: Yes, Judge."

The court then personally addressed defendant to confirm whether this was how he wished to proceed, to which defendant replied it was.

¶ 19    In November 2020, the court held a hearing on defendant's motion to reconsider his sentences. At the outset of the hearing, the court acknowledged it had received the certificate Netzley had filed pursuant to Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013).

¶ 20    During argument, Netzley reiterated that defendant was proceeding only on his claim the sentences in his cases should have been ordered to run concurrently rather than

consecutively and that he would not be proceeding on his ineffective assistance claim. Netzley argued the court abused its discretion when it ordered the sentences to run consecutively due to (1) the victims, who were defendant's parents, requesting leniency and for the charges to be dismissed; (2) defendant's youth; (3) the nonviolent nature of the offense; and (4) defendant's exemplary behavior while in prison.

¶ 21　　　　The State argued the court did not abuse its discretion when it ordered defendant's sentences to run consecutively because of defendant's significant criminal history, the seriousness of the crimes in this case, and defendant's prior failures to comply with the terms of his probation as evidence of his lack of rehabilitative potential.

¶ 22　　　　Following arguments, the court denied defendant's motion to reconsider his sentences, concluding that based on defendant's character and history, as well as the seriousness of the offenses, and the fact he "continues to commit crime" despite many opportunities to conform his conduct to the requirements of the law, consecutive sentences were required to protect the public from further criminal activity of defendant.

¶ 23　　　　This appeal followed.

¶ 24　　　　　　　　　　　　　　　　II. ANALYSIS

¶ 25　　　　On appeal, defendant argues (1) the trial court failed to substantially comply with Illinois Supreme Court Rule 402A(b) (eff. Nov. 1, 2003) and (2) his postplea counsel failed to comply with Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013). We disagree and affirm.

¶ 26　　　　　　　　　　　A. Rule 402A Admonishments

¶ 27　　　　We turn first to defendant's argument the trial court failed to substantially comply with Rule 402A(b) because it accepted defendant's admission to probation violations "without

asking him whether the admission was entered because of a disposition agreement or other promises."

¶ 28                                    1. *Applicable Law*

¶ 29         Rule 402A provides the admonitions a trial court must give a criminal defendant before the defendant admits the allegations of a petition to revoke probation. *People v. Ellis*, 375 Ill. App. 3d 1041, 1045, 874 N.E.2d 980, 982 (2007); *People v. Hall*, 198 Ill. 2d 173, 181, 760 N.E.2d 971, 975 (2001). Pursuant to Rule 402A, the trial court must admonish the defendant and determine that the defendant understands (1) the specific allegations in the petition to revoke probation; (2) the defendant has the right to a hearing with defense counsel present; (3) at the hearing, the defendant has the right to confront witnesses and present evidence in his behalf; (4) the State must prove the alleged probation violation by a preponderance of the evidence; (5) upon admitting a violation there will not be a hearing on the petition to revoke probation; and (6) the sentencing range for the underlying offense. Ill. S. Ct. R. 402A(a) (eff. Nov. 1, 2003).

¶ 30         Additionally, Rule 402A(b) states as follows:

> "The court shall not accept an admission to a violation, or a stipulation sufficient to revoke without first determining that the defendant's admission is voluntary and not made on the basis of any coercion or promise. If the admission or tendered stipulation is the result of an agreement as to the disposition of the defendant's case, the agreement shall be stated in open court. The court, by questioning the defendant personally in open court, shall confirm the terms of the agreement, or that there is no agreement, and shall determine whether any coercion or promises, apart from an agreement as to the disposition of the

defendant's case, were used to obtain the admission." Ill. S. Ct. R. 402A(b) (eff. Nov. 1, 2003).

Rule 402A requires the trial court's "substantial compliance," meaning "a specific and affirmative showing in the record that the defendant understood each of the required admonitions." *Ellis*, 375 Ill. App. 3d at 1046. Whether the trial court substantially complied with Rule 402A is a question of law reviewed *de novo*. *Id.*

¶ 31                                    2. *This Case*

¶ 32            Here, we conclude the trial court substantially complied with Rule 402A. First, the court asked defendant whether he was forced or coerced into admitting the State's petition to revoke his probation, and defendant responded he was not. Although the court did not personally inquire of defendant whether he had reached any agreement with the State as to the disposition in his case, we conclude it was not required to do so. Rather, the court was merely required to *determine* whether any agreement existed, and the record shows it confirmed there was no agreement as to the disposition of defendant's case. Specifically, at the beginning of the hearing, the court confirmed with defendant's counsel that the plea was "open" and that there was "no plea agreement" in place. The court also explained to defendant that an "open" plea meant that there was no agreement as to his sentences in both of the cases before the court and that the court would decide his sentence after hearing the parties' arguments at another hearing. The record therefore shows the court determined, as required by Rule 402A(b), that there was no agreement as to the disposition of defendant's cases. Moreover, defendant acknowledged in his signed, written admission that he had not been promised anything in exchange for his admission. Accordingly, we conclude the trial court substantially complied with Rule 402A(b).

¶ 33                                    B. Rule 604(d)

¶ 34    Defendant additionally argues his postplea counsel failed to comply with Illinois Supreme Court Rule 604(d) (eff. Feb. 6, 2013) because he failed to review the reports of proceedings and file an amended motion to reconsider defendant's sentences despite the patent insufficiency of defendant's *pro se* motion.

¶ 35    Rule 604(d) provides, in relevant part:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. Feb. 6, 2013).

¶ 36    "The question of whether defense counsel complied with Rule 604(d) is subject to *de novo* review." *People v. Grice*, 371 Ill. App. 3d 813, 815, 867 N.E.2d 1143, 1145 (2007). "[S]trict compliance with Rule 604(d) is required and a reviewing court must remand in any case where counsel failed to strictly comply." *People v. Prather*, 379 Ill. App. 3d 763, 768, 887 N.E.2d 44, 47 (2008). "While strict compliance does not require that the language of the rule be recited verbatim in the certificate, some indication must be presented that counsel performed the duties required under the rule." *People v. Richard*, 2012 IL App (5th) 100302, ¶ 10, 970 N.E.2d 35; see also *People v. Dryden*, 2012 IL App (2d) 110646, ¶ 11, 980 N.E.2d 203 (stating the purpose of Rule 604(d) "is to eliminate the need for guesswork about the 'core' of a defendant's contentions"). "The certificate itself is all this court will consider to determine compliance with Rule 604(d)." *People v. Neal*, 403 Ill. App. 3d 757, 760, 936 N.E.2d 726, 728 (2010).

¶ 37         We first note defendant does not dispute the certificate filed by his postplea counsel was facially valid. Rather, defendant argues the record positively rebuts the presumption postplea counsel complied with the requirements that he examined the reports of proceedings and made any amendments to the motion necessary for the adequate presentation of defendant's claims. We address each of these arguments in turn.

¶ 38         To begin, the record does not rebut the presumption Netzley examined the reports of proceedings. Defendant argues that because Netzley admitted at the June 2020 status hearing that he still needed copies of the previous transcripts of proceedings—but simultaneously had also determined defendant would not be proceeding on his ineffective assistance claim—Netzley cannot have complied with Rule 604(d). Although defendant correctly notes that Netzley stated at the June 2020 status hearing that he still needed copies of the transcripts, he made that statement several months prior to filing his Rule 604(d) certificate in November 2020. There is nothing in the record indicating Netzley did not, in fact, review the transcripts at some point prior to filing the certificate.

¶ 39         Next, the fact Netzley had already determined at the June 2020 status hearing that defendant did not wish to proceed with the ineffective assistance claim in the *pro se* motion also does not rebut the presumption Netzley made any amendments to the motion necessary for the adequate presentation of defendant's claims. Netzley explained in detail at that hearing that he had conferred with defendant and defendant did not wish to proceed with the ineffective assistance claim because he previously did not understand that his "[plea] attorney d[id] not control whether or not the State offers a cap and the court accepts." The court personally inquired of defendant whether that is how he wished to proceed, and defendant agreed it was.

The record affirmatively shows Netzley discerned defendant's nonfrivolous contentions of error regarding the sentencing proceedings and properly presented them to the court for consideration.

¶ 40　　　　Additionally, the fact that defense counsel did not file a new, written pleading reflecting defendant's desire to abandon the ineffective assistance claim prior to the hearing is not sufficient to rebut the presumption he made any amendments necessary to adequately present defendant's claim. We agree that the more preferable course of action would have been to file a new pleading. However, we disagree with defendant's argument that the *pro se* motion was so deficient that counsel's failure to amend it constituted a dereliction of his duties under Rule 604(d). The record shows defendant wished to challenge the consecutive nature of his sentences—in essence, an excessive sentence claim—and Netzley presented an adequate argument at the hearing that the court failed to consider or afford proper weight to the mitigating factors. Although that argument was ultimately unsuccessful, it was not frivolous or lacking a basis in law. Accordingly, we conclude Netzley strictly complied with Rule 604(d).

¶ 41　　　　　　　　　　　　III. CONCLUSION

¶ 42　　　　For the reasons stated, we affirm the trial court's judgment.

¶ 43　　　　Affirmed.