Filed 9/10/10          NO. 4-10-0381

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from
      Plaintiff-Appellee, ) Circuit Court of
      v. ) Vermilion County
DON D. NEAL, ) No. 07CF696
      Defendant-Appellant. )
       ) Honorable
       ) Michael D. Clary,
       ) Judge Presiding.

_____

JUSTICE KNECHT delivered the opinion of the court:

This appeal comes to us on the motion of defendant's counsel, the office of the State Appellate Defender (OSAD), for remand for strict compliance with Supreme Court Rule 604(d) (210 Ill. 2d R. 604(d)).

I. BACKGROUND

In August 2009, defendant, Don D. Neal, entered a partially negotiated guilty plea in No. 07-CF-696 to having committed aggravated battery (great bodily harm) (720 ILCS 5/12-4(a) (West 2006)) (count II), a Class 3 felony, against Dantonette Wallace on November 10, 2007, by striking her in the face during a verbal altercation in the courtyard area of 905 Redden Court, whereupon she fell to the ground and hit a light post, breaking her shoulder blade. The State dismissed a misdemeanor count of aggravated assault and a Class III felony count of aggravated battery (public way) based on the same conduct, a count of unlawful possession of a weapon by a felon based on the same incident (investigation disclosed no weapon was involved), and charges in No. 07-CF-737 alleging conduct

occurring on November 4 but actually premised on the conduct underlying this case. Absent the plea agreement, defendant was eligible for a 10-year extended term based on his prior criminal history.

On March 3, 2010, the trial court sentenced defendant to a 4-1/2-year prison term with credit for 121 days' time served. The court properly admonished defendant under Rule 605(c) (210 Ill. 2d R. 605(c)) that in order to appeal, defendant must first file a motion to withdraw guilty plea.

On March 10, 2010, defendant filed a motion to reconsider sentence. On April 19, 2010, defense counsel Derek J. Girton filed a certificate averring compliance with Rule 604(d), stating as follows:

"4. Counsel for defendant has now had an opportunity to meet with him in person at the Vermilion County Courthouse and discussed the issues raised in the motion to reconsider sentence.

5. Defense counsel has examined all relevant documents regarding the defendant's sentencing including, but not limited to the transcript of the sentencing hearing and the presentence investigation." (Emphasis added.)

On May 17, 2010, Judge Michael D. Clary heard the motion, denied it on the merits, and readmonished defendant under Rule 605(c). This appeal followed, and OSAD has been appointed to represent

- 2 -

defendant on appeal.

## II. AVERRING REVIEW OF DOCUMENTS "INCLUDING BUT NOT LIMITED TO" SENTENCING TRANSCRIPT AND PRESENTENCE INVESTIGATION DOES NOT FULFILL RULE 604(d) REQUIREMENTS

OSAD has filed a motion for summary remand, contending that defendant's counsel failed to file a certificate strictly complying with Supreme Court Rule 604(d) (210 Ill. 2d R. 604(d)). Specifically, counsel failed to certify that he examined the report of proceedings of the August 2009 proceeding wherein defendant admitted his guilt in this case, that is, the transcript of the guilty-plea hearing. Rule 604(d) provides as follows:

"(d) Appeal by Defendant From a Judgment Entered Upon a Plea of Guilty. *** The defendant's attorney shall file with the trial court a certificate stating that the attorney [(1)] has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in [(a)] the sentence or [(b)] the entry of the plea of guilty, [(2)] has examined the [(a)] trial court file and [(b)] report of proceedings of the plea of guilty, and [(3)] has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." (Emphasis added.) 210 Ill. 2d R. 604(d).

We note the certificate requirements are a single sentence of

Rule 604(d). Brackets were added above to break out the elements. This court summarized these elements in its 2007 opinion in People v. Grice, 371 Ill. App. 3d 813, 817, 867 N.E.2d 1143, 1146-47 (2007).

Defense counsel referenced neither reviewing the guilty-plea-hearing transcript nor consulting with his client about his contentions of error in the entry of the guilty pleas. Instead, he states he examined the report of the sentencing hearing and discussed with defendant the issues raised in the motion to reconsider sentence. OSAD asserts while defense counsel avers he reviewed documents "including but not limited to" the sentencing transcript and presentence investigation, counsel clarifies this by noting he reviewed documents relevant to sentencing.

OSAD claims defendant is entitled to remand for the filing of a new postplea motion under the controlling precedent of People v. Janes, 158 Ill. 2d 27, 33, 630 N.E.2d 790, 792 (1994). See also People v. Prather, 379 Ill. App. 3d 763, 769, 887 N.E.2d 44, 47-48 (2008) (Fourth District). The State responds defendant should not have been allowed to directly challenge the sentence imposed on a partially negotiated plea (see People v. Diaz, 192 Ill. 2d 211, 225, 735 N.E.2d 605, 612 (2000); People v. Spriggle, 358 Ill. App. 3d 447, 455, 831 N.E.2d 696, 703 (2005) (Second District)), but Judge Clary addressed the motion on the merits, and defendant now appeals this ruling. The State agrees trial counsel's certificate is deficient due to its failure to state defense counsel examined the court file and a

transcript of the guilty-plea hearing.  See People v. Fitzgibbon, 184 Ill. 2d 320, 323-24, 704 N.E.2d 366, 368 (1998).  The State concedes the cause should be remanded, and we agree.

The question of whether defense counsel complied with Rule 604(d) is subject to de novo review.  People v. Johnson, 363 Ill. App. 3d 356, 359, 843 N.E.2d 434, 437 (2006), rev'd & remanded on other grounds, 225 Ill. 2d 573, 870 N.E.2d 415 (2007), citing People v. Lloyd, 338 Ill. App. 3d 379, 384, 788 N.E.2d 1169, 1173 (2003); see also Grice, 371 Ill. App. 3d at 815, 867 N.E.2d at 1145.

The certificate itself is all this court will consider to determine compliance with Rule 604(d).  Grice, 371 Ill. App. 3d at 816, 867 N.E.2d at 1146.  The certificate must show defendant's "attorney has examined the report of proceedings of the plea of guilty."  Grice, 371 Ill. App. 3d at 817, 867 N.E.2d at 1147.  Our supreme court was not unclear in Janes.  Strict compliance is required.  People v. Pressey, 357 Ill. App. 3d 887, 890-91, 829 N.E.2d 426, 430 (2005).

This said, we may consider the record where it undermines the certificate filed.  The record on appeal shows on June 9, 2010, the circuit clerk filed OSAD's June 4, 2010, letter request for preparation of the transcripts.  Insofar as the record before us shows, the sentencing transcript was not prepared by the court reporter in this case until July 19, 2010.

The manifest purpose of reviewing a transcript of the guilty-plea proceeding is to permit defense counsel the opportunity to review and reflect upon the events as they

- 5 -

transpired, with a fresh eye, rather than through memory alone. The final sentence of Rule 604(d) expressly provides: "Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived." 210 Ill. 2d R. 604(d). The preparation of this postplea motion is thus significant to a defendant. The particulars of the certificate requirements both give meaning to a defendant's right to appeal and assist defense counsel in fulfilling counsel's duties to his or her client to the best of his or her ability.

> Our supreme court has stated the following:
> "The [certificate's] filing should precede or be simultaneous with the hearing in the trial court. Such a procedure will insure that the trial court, in considering a defendant's motion to withdraw his or her guilty plea or to reduce sentence, will be apprised that defense counsel has reviewed the proceedings with the defendant and prepared any necessary amendments to the motion." People v. Shirley, 181 Ill. 2d 359, 371, 692 N.E.2d 1189, 1195 (1998).

Moreover, in Grice, this court stated the following:

> "Although the responsibility for drafting a proper Rule 604(d) certificate lies initially with defense counsel, trial courts can, and should, play an important

- 6 -

role in preventing the waste of judicial resources that occurs when we must address on appeal the validity of a Rule 604(d) certificate. Trial courts possess the power --and the duty--to examine any Rule 604(d) certificate when filed to determine whether it complies with that rule. Trial courts should reject those certificates that do not comply, and when doing so, instruct counsel to file another certificate in accordance with all of the requirements of Rule 604(d). If trial courts follow these suggestions, the terrible waste of judicial resources that now occurs, as here, due to defective Rule 604(d) certificates should cease." Grice, 371 Ill. App. 3d at 816, 867 N.E.2d at 1146.

### III. CONCLUSION

Accordingly, we grant OSAD's motion and remand the cause for further proceedings consistent with Rule 604(d), that is, the appointment of counsel, the filing of a new motion to withdraw guilty plea or to reconsider sentence, a new hearing on the motion, and for strict compliance with Rule 604(d) in the filing of any certificate under the rule.

Remanded with directions.

STEIGMANN and POPE, JJ., concur.