**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200013-U

Order filed November 15, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0013 Circuit No. 17-CF-178 |
| | ) | |
| EDDIE STIFF, | ) ) | Honorable Cynthia M. Raccuglia, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justices McDade and Hauptman concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The record rebuts postplea counsel's Illinois Supreme Court Rule 604(d) certificate.

¶ 2     Defendant, Eddie Stiff, appeals the La Salle County circuit court's dismissal of his motion to withdraw his guilty plea and vacate judgment. Defendant argues the court abused its discretion in denying his motion since defendant reasonably misunderstood the law based on the court's improper admonishments regarding his right to self-representation. Defendant also argues the record undermines postplea counsel's Rule 604(d) certificate. We reverse and remand.

¶ 3                                    I. BACKGROUND

¶ 4            A grand jury charged defendant with armed robbery (720 ILCS 5/18-2(a)(2) (West 2016)), aggravated battery (*id.* § 12-3.05(c)), and unlawful possession of a weapon by a felon (*id.* § 24-1.1). The court appointed the public defender to represent defendant.

¶ 5            Prior to the start of the jury trial, defendant moved to proceed as a self-represented litigant. Defendant told the court that defense counsel refused to file motions on defendant's behalf, and he needed time to present a defense and strategy. The court determined that defendant was not prepared to represent himself at trial that day. Defendant requested a continuance. The court said:

> "[A]re you going to make me find that your relationship with the public defender here is so irretrievable and irreconcilable that I have no alternative but to find that you have to represent yourself?
>
> * * *
>
> *** Well, I don't want to do this but I can't seem—here is your choice and I am going to do this. I am going to find it is your choice whether or not you— strike that. I am finding, unless you cooperate with your lawyers, that your relationship is irreconcilable and irretrievable and that I have no alternative, unless you hire a lawyer, that I have you represent yourself."

Defendant told the court that he asked counsel to seek a continuance last week, and counsel refused explaining the State would not allow it. Public defender Timothy Cappellini clarified that he told defendant the State would object, and he had no legal reason to ask for a continuance. The court continued the case over the State's objection to see if defendant's relationship with

2

counsel could be repaired. The court explained to defendant that he was given a continuance to determine if he was going forward with counsel or as a self-represented litigant.

¶ 6     At the next court date, the court asked defendant about his decision regarding representation. Defendant responded that his intention was to hopefully work with counsel. The parties reset the trial date by agreement to October 15, 2018. The court subsequently continued the trial date to November 26, 2018.

¶ 7     On November 26, defendant said "I came in here with the intention of dismissing counsel and proceeding *pro se*. But what I'm being told is the things that I need in order to pursue *pro se* I won't be given." Defendant claimed that he asked counsel to provide a list of all witnesses at the scene which counsel did not provide. Public defender Douglas Kramarsic responded that according to the police report no one other than the victim saw the crime. The court asked defendant if he wanted to represent himself. Defendant responded he was not sure they would be able to have the trial because defense counsel did not subpoena any witnesses. Defendant named three witnesses: John Lucas, Terrence Miller, and Lucius Chick Jr. Cappellini informed the court that the victim had no connection to any of these witnesses. Defendant claimed the victim fabricated the robbery and that he was framed. The court replied:

> "All right. Here we are. We are here with a defense and I have to decide whether to force you—I'm inclined to force you to go to trial here today with your lawyers in front of a jury who came in with bad weather. That's what I'm forced to do. The consequences are great.
>
> Now if I force you to go to trial as I'm inclined to do with your lawyers, what is your position in the regard?"

3

Defendant replied that it would be difficult for him to proceed because he and his attorneys had not discussed a defense. Kramarsic disagreed with defendant stating that on multiple occasions they discussed defendant's defense theory with him, and they determined it was "futile to try to present this in front of a jury [as it] would incense them, even if you were to assume people would say this happened which isn't true and that's not going to happen." The court determined that it would not make sense to continue the case and that defendant would proceed to trial with counsel. The court suggested that defendant take 10 minutes to discuss the case with counsel before they proceeded to trial.

¶ 8        After defendant's discussion with counsel, defendant entered a guilty plea to armed robbery in exchange for the dismissal of the remaining counts, a 60-year sentencing cap, and no finding of great bodily harm. The court admonished defendant of the consequences he faced if he was found guilty by a jury; that the court would still be conducting a sentencing hearing pursuant to the blind plea; that defendant was waiving his right to a jury trial, right to remain silent, right to confront the witnesses against him, and to present a defense; and the future consequences relating to having a conviction on his record. Additionally, the court asked defendant if he was waiving his rights voluntarily and whether he was satisfied with his counsel's services. Defendant confirmed he freely and voluntarily waived his rights. Defendant stated he was satisfied with counsel's representation. Defendant also signed a plea of guilty relinquishing his rights. The court sentenced defendant to 58 years' imprisonment.

¶ 9        On March 8, 2019, defendant filed a motion to withdraw guilty plea and vacate judgment as a self-represented litigant. In the motion, defendant argued he entered the plea under duress, and defense counsel refused to investigate any of his claims or subpoena witnesses that would support his claims. According to defendant, "witnesses being called could not only support his

4

claims of being drugged, but [could] also offer [an] alternative theory of [the] actual crime to provide defendant with an arguable defense." The court appointed postplea counsel to represent defendant on his motion.

¶ 10    On April 25, 2019, the court called defendant's case for status. Postplea counsel said:

> "We're here today on a status. [Defendant] had filed a *pro se* motion to withdraw his plea and vacate judgment on March 8th. I have had an opportunity to speak with [defendant] a little bit today. For today's purposes, what I would suggest we do is set the matter for a status perhaps about three, four weeks out. I need to look at the file a little bit closer. We may need to amend those pleadings."

The court continued the case to May 30, 2019, for status.

¶ 11    On May 30, postplea counsel said:

> "I've had an opportunity to review [defendant's motion] and also review a transcript of the plea. I talked to [defendant] today. I don't plan on amending the motion. I think he pretty much covered all the arguments that he wanted to present so at this point, Your Honor, we're just asking to set the matter for hearing. [Defendant] is asking for a 60 day date if that's possible."

The court set the case for hearing on August 15, 2019. The court continued the case twice, ultimately hearing the motion on January 9, 2020.

¶ 12    On January 9, 2020, postplea counsel filed a certificate pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). Counsel's certificate reads:

> "1. I have consulted with the Defendant in person or by mail to ascertain the defendant's contentions of error in the entry of the plea of guilty and in the sentence;

5

2. I have examined the trial court file and report of proceedings of the plea of guilty and the sentencing; and

3. I have made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings."

Postplea counsel did not file any affidavits and called only defendant as a witness. The State called defendant's trial attorneys Cappellini and Kramarsic.

¶ 13    Cappellini testified that defendant's alternative theories of the crimes had no merit based on the State's discovery which included essentially an admission by defendant to committing a robbery. Additionally, the witnesses that defendant claimed would testify in support of his conspiracy defense were previously interviewed by the police and all had criminal records. All the witnesses defendant requested Cappellini investigate were on the State's witness list except for an unnamed bouncer at a club. Cappellini indicated that defendant's alternative theory often changed and had no merit.

¶ 14    Kramarsic testified that initially defendant did not provide him with witnesses to investigate until his defense theory evolved into a conspiracy theory. Defendant's alternative theory often changed and lacked merit. Except for the unnamed bouncer at a club that had not been in existence for two years at the time, all the witnesses defendant requested be investigated were in the State's discovery.

¶ 15    In closing, postplea counsel argued:

"I would suggest, Your Honor, the testimony supports the idea that Mr. Cappellini and Mr. Kramarsic failed to investigate possible defense witnesses, failed to interview potential witnesses. As a result of that lack of investigation, [defendant] has suffered prejudice. As a result of this deprivation of effective

6

assistance, [defendant] had no other choice on November 26th but to accept this blind plea."

The court denied defendant's motion and defendant appealed.

¶ 16                                                    II. ANALYSIS

¶ 17         Defendant raises two arguments on appeal: (1) the court erred in denying his motion to withdraw guilty plea, and (2) postplea counsel failed to comply with Illinois Supreme Court Rule 604(d). Because the Rule 604(d) issue would require remand for *de novo* postplea proceedings, we begin by determining whether counsel complied with the rule.

¶ 18         Rule 604(d) requires counsel to file a certificate with the circuit court verifying that it has consulted with defendant to ascertain contentions of error, has examined the trial court file and both the report of proceedings of the plea and the sentencing hearing, and has made "any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Additionally, "[w]hen the motion is based on facts that do not appear of record it shall be supported by affidavit." *Id.*

¶ 19         Rule 604(d) is designed to ensure defendants are provided their due process rights and to eliminate unnecessary appeals. *People v. Shirley*, 181 Ill. 2d 359, 362 (1998). Thus, "strict compliance with Rule 604(d) is required." *People v. Prather*, 379 Ill. App. 3d 763, 768 (2008). Generally, we consider the certificate itself to evaluate compliance with Rule 604(d). *People v. Neal*, 403 Ill. App. 3d 757, 760 (2010). Courts may consider the record where it undermines the certificate filed by counsel. *Id.* Whether defense counsel complied with Rule 604(d) is reviewed *de novo*. *People v. Grice*, 371 Ill. App. 3d 813, 815 (2007).

¶ 20         From our review, the record undermines postplea counsel's certificate of compliance with Rule 604(d). Postplea counsel adopted defendant's motion to withdraw guilty plea wherein

7

defendant alleged that witness testimony would corroborate his defense theory. Since this witness testimony is not a part of the record, postplea counsel should have either attached affidavits of the witness testimony or amended the motion to remove the claim if he believed it lacked merit. Postplea counsel did neither. Accordingly, the record rebuts postplea counsel's Rule 604(d) certificate, and we remand with specific instructions for postplea counsel to either attach affidavits or amend the motion to remove the claim. As this resolution requires reversal and remand, we need not address defendant's argument that the court erred in denying his motion to withdraw guilty plea.

¶ 21                                  III. CONCLUSION

¶ 22        The judgment of the circuit court of La Salle County is reversed and remanded with instructions.

¶ 23        Reversed and remanded.