2024 IL App (4th) 230764-U

NOS. 4-23-0764, 4-23-0765, 4-23-0766, 4-23-0767, 4-23-0768, 4-23-0769 cons.

NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 10, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Adams County |
| ZACHARY A. LAFFEY, | ) | Nos. 22CF358, |
|     Defendant-Appellant. | ) | 22CF366, |
| | ) | 22CF368, |
| | ) | 22CF374, |
| | ) | 22CF376, |
| | ) | 22CF378 |
| | ) | |
| | ) | Honorable |
| | ) | Robert K. Adrian, |
| | ) | Judge Presiding |

_____

JUSTICE STEIGMANN delivered the judgment of the court.
Presiding Justice Cavanagh and Justice Vancil concurred in the judgment.

**ORDER**

¶ 1   *Held:*   The appellate court vacated the trial court's order denying defendant's motion to withdraw his guilty plea and remanded for further proceedings because defense counsel failed to comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 2         In September 2022, defendant, Zachary A. Laffey, pursuant to a fully negotiated plea agreement, pleaded guilty to six counts of burglary (720 ILCS 5/19-1(a) (West 2022)) and two counts of unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2022)) in six different cases. Later, the trial court sentenced defendant to an aggregate 16 years in prison. Assistant Public Defender Vanessa Pratt represented defendant at his plea and sentencing hearings.

¶ 3         In November 2022, defendant, through Ms. Pratt, filed a motion to withdraw his

guilty plea, alleging generally that he did not get to present certain evidence in mitigation at the sentencing hearing. While that motion was pending, Ms. Pratt resigned from the public defender's office and Assistant Public Defender Christopher Pratt—Ms. Pratt's father—entered his appearance on defendant's behalf. Mr. Pratt did not amend or withdraw the motion Ms. Pratt had filed.

¶ 4 In August 2023, the trial court conducted a hearing on defendant's motion to withdraw his guilty plea. The State suggested that (1) defendant's claims of error should have been brought as ineffective assistance of counsel claims and (2) Mr. Pratt did not bring the claims as ineffective assistance because of his parental relationship to Ms. Pratt. Mr. Pratt denied the allegation of a conflict of interest.

¶ 5 Ultimately, the trial court denied the motion to withdraw because there was no indication that defendant's guilty plea was not knowingly and voluntarily made.

¶ 6 Defendant appeals, arguing that (1) Mr. Pratt "failed to fully and properly develop [his] post-plea claims," in violation of Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), and (2) he was provided ineffective assistance of counsel because of an actual or *per se* conflict of interest between Ms. Pratt and Mr. Pratt.

¶ 7 We agree that Mr. Pratt did not comply with Rule 604(d), vacate the trial court's judgment, and remand for further proceedings.

¶ 8                                I. BACKGROUND

¶ 9 In September 2022, defendant, pursuant to a fully negotiated plea agreement, pleaded guilty to six counts of burglary and two counts of unlawful possession of a weapon by a felon in six different cases. In exchange, the State agreed to (1) dismiss several counts against defendant and (2) a maximum sentence of 25 years in prison. Later, the trial court sentenced

defendant to an aggregate 16 years in prison. Ms. Pratt represented defendant throughout the criminal proceedings, including during the plea negotiations and sentencing.

¶ 10　　　　In November 2022, defendant, through Ms. Pratt, filed a motion to withdraw his guilty plea, alleging that (1) his sentence was excessive and disproportionate to the nature of the offense, (2) his "wife was not asked to provide a character letter as part of the Pre-Sentence Investigation Report," and (3) he "was not able to provide a Family Impact Statement, pursuant to [section 5-5-3.1(a)(18)(H) of the Unified Code of Corrections (730 ILCS 5/5-5-3.1(a)(18)(H) (West 2022))]." In response, the State argued that defendant did not set forth a valid legal basis to withdraw his guilty plea and "it would appear that these allegations are more along the lines of complaints alluding to ineffective assistance of counsel." The State then argued that any potential ineffective assistance claim based on the allegations in the motion would fail.

¶ 11　　　　In December 2022, after Ms. Pratt resigned from the public defender's office, the Adams County Public Defender's Office filed an entry of appearance assigning Mr. Pratt—Ms. Pratt's father—as defendant's attorney.

¶ 12　　　　In January 2023, defendant *pro se* filed a "Motion for Calendar," requesting a hearing on the motion to withdraw and asserting that he had not been contacted by Mr. Pratt.

¶ 13　　　　In May 2023, the trial court conducted a status hearing on the motion to withdraw, at which Mr. Pratt stated that he had received transcripts for the case and asked that the matter be continued to June 2023.

¶ 14　　　　In June 2023, the parties convened for a hearing on defendant's motion to withdraw his guilty plea. At the beginning of the hearing, the trial court asked if Mr. Pratt was ready to proceed on the motion. Mr. Pratt responded:

　　　　　"To date, I don't see any transcripts [of the plea and sentencing hearings]—I've not

received any. What I can tell the Court and what the Court may know is this motion was actually filed by [defendant's] prior counsel who represented him for the plea and sentencing who conducted both the plea and sentencing. I have talked about these cases with that prior counsel including the issues identified in the motion itself. I'm comfortable proceeding today without a review of the transcripts, but if you feel to make sure all of our i's are dotted and t's are crossed and we need those transcripts, we can set this over to another day and get those as quickly as possible."

¶ 15 The trial court explained to Mr. Pratt that the necessary transcripts had been filed in April 2023 and copies of those transcripts were sent to the public defender's office at that time. Mr. Pratt replied, "I'll double check in my office, but it does appear we won't be able to proceed today—and I apologize, but if we set this on a very short turnaround, we'll be able to, I'm confident." The court continued the case so Mr. Pratt could review the transcripts.

¶ 16 On August 28, 2023, Mr. Pratt filed a certificate in compliance with Rule 604(d), stating as follows:

"Now comes Christopher Pratt, attorney for Defendant, and states as follows:

1. I have consulted with the Defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty and in the sentence.

2. I have examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing; and

3. I have made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."

¶ 17   That same day, the trial court conducted a hearing on defendant's motion. Defendant testified that on the morning of the sentencing hearing, Ms. Pratt told him that his wife would be able to give a character statement, but it did not happen. He explained that his wife had prepared a written statement and he had told Ms. Pratt of this fact.

¶ 18   On cross-examination, the State asked defendant, "Did you prepare a family impact statement?" Defendant replied, "Yes." He further stated, "I'm pretty sure it was read by the judge if I'm not mistaken."

¶ 19   When defendant finished his testimony, the trial court asked the State if it had any further questions. The State replied as follows:

"Well, I do [have more questions] but I would like to address something first because what I'm hearing is a claim of ineffective assistance of counsel and if that's what it is but clearly Mr. Pratt hasn't filed that, at least I don't think, because you asked him if he filed a certificate. I have not seen where anything has been filed since November 29th of 2022 that was the motion filed by Ms. Pratt, so is it or isn't it a claim of ineffective assistance of counsel because that's what I hear and they haven't filed that so I would object as to it being relevant for the three issues that were raised in the motion."

¶ 20   In response, Mr. Pratt explained as follows:

"I'm standing on the motion that was filed by [defendant's] prior counsel based on her knowledge of what occurred here. If [the State] wants to interpret that as ineffective assistance, I'm merely stating the facts that were alleged here and offering [defendant's] testimony in support thereof. If [the State] wants to interpret that as ineffective and he wants to try and counter that, then [it] is certainly able to

offer [its] own evidence in contrast but I don't know that Ms. Pratt was alleging [her own] ineffective [assistance]. I'm standing on that motion that was filed. It is not my motion. I was appointed after the fact. I'm standing on what was alleged here. These are the allegations that were alleged."

¶ 21    Mr. Pratt then argued that "the allegations alleged or set forth in the motion by [his] predecessor counsel [were] relatively clear" and the evidence showed that defendant was denied his right to have (1) his wife's character letter and (2) a family impact statement introduced at the sentencing hearing. As a remedy for those violations, Mr. Pratt argued that the trial court should grant the motion to withdraw defendant's guilty plea.

¶ 22    The State argued that the defense was attempting to make an ineffective assistance of counsel claim without pleading such a claim in the postplea motion and offered as a reason the familial relationship between Ms. Pratt and Mr. Pratt:

"I think this is a sham in terms of proceeding this way by presenting that evidence because what I'm hearing not only through evidence but also argument is what I think sounds like a claim for ineffective assistance of counsel. And let's just make sure that the record is real clear. Mr. Pratt, the current attorney, is the father of the previous Ms. Pratt that was the attorney so there's no doubt he doesn't or may not want to make that claim but that's what I hear this evidence and this argument to be."

¶ 23    Once again, Mr. Pratt responded that the postplea motion "isn't [his] motion" and told the trial court that the State could have subpoenaed Ms. Pratt to testify during the hearing if it believed the postplea motion asserted a claim of ineffective assistance of counsel. He also argued that his relationship to Ms. Pratt did not impact the representation he provided to defendant, stating

as follows:

> "[A]nyone that would presume to think that I would not challenge anything like that as to one of my children certainly is not familiar with my parenting style and if my daughter were here today, she would be more than happy to correct that assumption that I would be hesitant to point out their faults, Your Honor, so I take some offense to that implication or allegation that I would hesitate to point out mistakes by anyone in my office's work, much less my own daughter's if it was to the detriment of a client.
>
> So, I am not making any ineffective assistance claim here because I am simply standing on prior counsel's motion. It's not my motion. I didn't file it. I'm just standing on what's on the page. It's a competent motion. That's what I'm standing on. We would ask for the remedies requested in that motion. Thank you."

¶ 24 The trial court observed that defendant pled guilty pursuant to a negotiated plea and could not challenge his sentence without first withdrawing his plea. The court concluded that his postplea motion failed to allege a viable ground that would permit the withdrawal of his guilty plea and found that he waived any sentencing issues by failing to mention any concerns when he made his statement in allocution.

¶ 25 This appeal followed.

¶ 26                                          II. ANALYSIS

¶ 27 Defendant appeals, arguing that (1) Mr. Pratt "failed to fully and properly develop [his] post-plea claims," in violation of Rule 604(d) and (2) he was provided ineffective assistance of counsel because of an actual or *per se* conflict of interest between Ms. Pratt and Mr. Pratt.

¶ 28 We agree that Mr. Pratt did not comply with Rule 604(d), vacate the trial court's

judgment, and remand for further proceedings.

¶ 29                                    A. Rule 604(d) Compliance

¶ 30                              1. *The Applicable Law and Standard of Review*

¶ 31          "Rule 604(d) governs the procedure to be followed when a defendant wishes to appeal from a judgment entered upon a guilty plea." *In re H.L.*, 2015 IL 118529, ¶ 7, 48 N.E.3d 1071. For a defendant to appeal, the rule requires the defendant file in the trial court, within 30 days of the date on which his or her sentence was imposed, "a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). However, when a defendant has entered into a negotiated guilty plea, the rule requires the defendant to file a motion to withdraw the plea of guilty and vacate the judgment to challenge his or her sentence as excessive. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). "[A]ny issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). The rule also requires defense counsel to file in the trial court a certificate stating the following:

> "[T]he attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 32          The supreme court has explained the purpose of Rule 604(d) as follows:

" 'That purpose is to ensure that before a criminal appeal can be taken from a guilty plea, the trial judge who accepted the plea and imposed sentence be given the opportunity to hear the allegations of improprieties that took place outside the official proceedings and *dehors* the record, but nevertheless were unwittingly given sanction in the courtroom.' " *H.L.*, 2015 IL 118529, ¶ 9 (quoting *People v. Wilk*, 124 Ill. 2d 93, 104, 529 N.E.2d 218, 221-22 (1988)).

¶ 33　　　　Rule 604(d)'s certificate requirement " 'enables the trial court to insure that counsel has reviewed the defendant's claim and considered all relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence.' " *H.L.*, 2015 IL 118529, ¶ 10 (quoting *People v. Shirley*, 181 Ill. 2d 359, 361, 692 N.E.2d 1189, 1191 (1998)).

¶ 34　　　　If the certificate does not strictly comply with the rule, a reviewing court must remand the case for the filing of a new motion and a new hearing on the motion. *People v. Janes*, 158 Ill. 2d 27, 33, 630 N.E.2d 790, 792 (1994). Generally, we consider the certificate itself to evaluate compliance with Rule 604(d). *People v. Neal*, 403 Ill. App. 3d 757, 760, 936 N.E.2d 726, 728 (2010). However, even if counsel files a facially valid certificate of compliance, we may consult the record to determine whether counsel actually fulfilled her obligations under Rule 604(d). *Neal*, 403 Ill. App. 3d at 760; *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 8, 87 N.E.3d 441.

¶ 35　　　　We review *de novo* defense counsel's compliance with Rule 604(d). *People v. Curtis*, 2021 IL App (4th) 190658, ¶ 30, 186 N.E.3d 467.

¶ 36　　　　　　　　　　　　　　　　2. *This Case*

¶ 37　　　　Defendant concedes that Mr. Pratt filed a certificate that facially complied with Rule 604(d). Nonetheless, defendant argues that Mr. Pratt's Rule 604(d) certificate is refuted by

the record, arguing that Mr. Pratt failed to (1) investigate defendant's claims and (2) amend or modify the motion the withdraw to include a claim for ineffective assistance of plea counsel. See *Curtis*, 2021 IL App (4th) 190658, ¶ 36 (requiring remand if the record shows that counsel did not comply with his obligations under Rule 604(d)).

¶ 38 The State characterizes defendant's argument as an attempt to repackage a claim of ineffective assistance of postplea counsel as a violation of Rule 604(d). The State argues that the record does not contain any evidence refuting the Rule 604(d) certificate. The State further contends that Mr. Pratt's failure to raise a claim of ineffective assistance of counsel in the motion to withdraw cannot be attributed to noncompliance with Rule 604(d) because the record does not show that (1) defendant desired to make an ineffective assistance claim or (2) an ineffective assistance claim had any merit.

¶ 39 We agree with defendant. Contrary to the State's arguments, regardless of the possible merits of an ineffective assistance claim based on the allegations in the motion to withdraw, Mr. Pratt's statements during the prehearing proceedings and at the motion hearing refute the assertions in his facially valid 604(d) certificate—specifically, the assertions that he in fact consulted with defendant and made any amendments necessary to adequately present his claims of error.

¶ 40 The record shows that throughout his representation of defendant, Mr. Pratt repeatedly distanced himself from the motion to withdraw and the allegations therein. Instead of either adopting Ms. Pratt's motion—in other words, making it his own—or filing an amended motion—which would be his own—he deferred entirely to the allegations and arguments in the motion that Ms. Pratt had filed, essentially abdicating his obligations under Rule 604(d) to whatever work prior counsel had done in the case.

¶ 41 At the June 2023 hearing, Mr. Pratt told the trial court that he was ready to proceed on the motion to withdraw without reviewing the necessary transcripts or filing a Rule 604(d) certificate. He then downplayed his need for the transcripts and the requirement under Rule 604(d) that he review them by suggesting that he could wait for the transcripts if the court wanted to "make sure all of our i's are dotted and t's are crossed" and disclaiming responsibility for the motion as "prior counsel['s]." Had the hearing proceeded at that moment, as Mr. Pratt requested, he would have clearly violated Rule 604(d) by failing to file a Rule 604(d) certificate or reviewing the sentencing hearing transcripts. See *Janes*, 158 Ill. 2d at 33 (requiring strict compliance with Rule 604(d)). However, the court explained to Mr. Pratt that the transcripts had already been sent to his office for his review and reminded him that he needed to file a Rule 604(d) certificate.

¶ 42 Although Mr. Pratt did eventually file a facially valid Rule 604(d) certificate on the day of the motion to withdraw hearing, defendant's testimony, along with statements Mr. Pratt made at that hearing, belie any notion that Mr. Pratt actually consulted with defendant about his claims of error.

¶ 43 On direct examination by Mr. Pratt, defendant directly contradicted one of only three allegations in the motion to withdraw by testifying that he believed the trial court *did* receive his family impact statement and read it out loud at the sentencing hearing. Had Mr. Pratt actually consulted with defendant prior to eliciting his testimony, Mr. Pratt would have learned that his client would testify in a manner that directly undermined one of the three arguments Ms. Pratt had included in her motion.

¶ 44 Despite defendant's testimony, Mr. Pratt continued to distance himself from the motion and place responsibility for defendant's postplea representation on Ms. Pratt. When the State asserted that the claims in the motion were claims of ineffective assistance of counsel, Mr.

Pratt disclaimed responsibility for the motion, stating, "I don't know that Ms. Pratt was alleging [her own] ineffective [assistance]. I'm standing on that motion that was filed. It is not my motion. I was appointed after the fact. I'm standing on what was alleged here. These are the allegations that were alleged." Shortly thereafter, when the State asserted that Mr. Pratt was avoiding making a claim for ineffective assistance because Ms. Pratt was his daughter, he doubled down on his deference to her motion, explaining that he was not making an ineffective assistance claim because he was "just standing on what's on the page."

¶ 45     Mr. Pratt's statements are problematic because when defense counsel complies with Rule 604(d), the allegations in any motion come from *the defendant*, and it is defense counsel's responsibility to use his or her own legal acumen to aid in the presentation of a defendant's claims of error—in other words, he must consult with and represent the defendant. For Mr. Pratt to have "made any amendments to the motion necessary for adequate presentation of any defects in those proceedings" (Ill. S. Ct. R. 604(d) (eff. July 1, 2017)), he would have to know at least what sort of legal arguments he was reviewing to ensure adequate presentation to the trial court.

¶ 46     We conclude that Mr. Pratt's statements at the motion hearing, along with defendant's testimony, show that he did not consult with defendant and amend or modify his motion to withdraw as necessary for an adequate presentation of defendant's claims, refuting his facially valid Rule 604(d) certificate.

¶ 47                    B. Conflicts of Interest

¶ 48     Having concluded that remand is appropriate because Mr. Pratt failed to comply with Rule 604(d), we need not decide whether he labored under a conflict of interest. Nonetheless, our decision not to address the conflict-of-interest claim should not be viewed as an endorsement

of Mr. Pratt's argument at the motion hearing that he would never let his relationship with his daughter influence his decision-making. To the contrary, this case is a prime example of the perils that familial relationships between attorneys can present. Even when familial relationships do not constitute a legally recognized conflict of interest, the appearance of impropriety can remain a stain on the proceedings and should be avoided when possible. We emphasize that a criminal defendant is entitled to be represented by an attorney "whose allegiance to his client is not diluted by conflicting interests or inconsistent obligations." (Internal quotation marks omitted.) *People v. Peterson*, 2017 IL 120331, ¶ 102, 106 N.E.3d 944.

¶ 49        Recently, in *People v. Abbot*, 2022 IL App (4th) 210427-U, ¶¶ 8-9, 39, this court held that the familial relationship between defense counsel and the prosecutor—specifically, a mother-daughter relationship—represented a *per se* conflict of interest because the defendant's representation may have been tainted by counsel's desire for a favorable result for her daughter. We explained as follows:

> "[I]t is unquestionable that defense counsel has a very clear connection with a person who 'would benefit from an unfavorable verdict for the defendant.' [Citation.] It is reasonable to assume a parent, such as defendant's counsel, whether expressly or implicitly, wants her daughter (the prosecutor here) to be successful. Unfortunately, in this instance, to do so, she must achieve a result which could be seen as unfavorable for defendant. Because such a desire on counsel's part would be difficult to gauge, our supreme court has created this *per-se*-conflict-of-interest concept, where one need only provide facts about a defense counsel's status, which, by themselves, or on their face, reveal a disabling conflict. [Citation.]
>
> Indeed, applying the supreme court's *per se* analysis to the specific facts of

this case reveals that the justification for treating certain conflicts as *per se* can be exemplified by defense counsel's desire for her daughter to succeed, which, in turn, conflicts with her professional obligation to defendant. Such a conflict might ' "subliminally" affect counsel's performance in ways difficult to detect and demonstrate' [citation] or might possibly subject counsel to ' "later charges that [her] representation was not completely faithful" ' [citation]." *Abbott*, 2022 IL App (4th) 210427-U, ¶¶ 37-38.

¶ 50    Although in *Abbott* we addressed a *per se* conflict of interest—specifically, a conflict of interest based on the parental relationship between the prosecutor and defendant's counsel—the principle that "a parent, such as defendant's counsel, whether expressly or implicitly, wants [his] daughter *** to be successful" (*Abbott*, 2022 IL App (4th) 210427-U, ¶ 37) is broadly applicable and underscores the necessity for the State, counsel, and the trial court to be alert for when a conflict of interest could arise.

¶ 51                              III. CONCLUSION

¶ 52    For the reasons stated, we vacate the trial court's judgment and remand for further proceedings.

¶ 53    Vacated and remanded.